**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTINA MAYBERRY, | ) | |
| *individually and on behalf of others* | ) | |
| *similarly situated,* | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| SSM HEALTH BUSINESSES, d/b/a | ) | |
| SSM HOME CARE and/or SSM HEALTH | ) | |
| AT HOME, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff Christina Mayberry, individually and on behalf of all others similarly situated, and for her Complaint against Defendant SSM Health Businesses d/b/a SSM Home Care and/or SSM Health at Home (hereinafter "SSM" or "Defendant"), states and alleges as follows:

### Nature of Case

1.     SSM employs hourly-paid home healthcare workers, including licensed practical nurses (LPNs), certified nurse assistants (CNAs), and home health aides.  During the relevant time periods preceding this action, SSM suffered and/or permitted its hourly-paid home healthcare workers to spend time working "off the clock" without pay.  By virtue of an SSM policy or practice of suffering and/or permitting off-the-clock work, Plaintiff and similarly-situated hourly-paid home healthcare workers performed a significant amount of compensable work without pay.  Plaintiff, on behalf of herself and all other similarly situated hourly-paid home healthcare workers, seeks to recover unpaid overtime wages under the Fair Labor

Standards Act ("FLSA") and Missouri Minimum Wage Law ("MMWL"), as well as unpaid straight time wages under Missouri common law.

### Jurisdiction and Venue

2.     The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions.   Jurisdiction over the FLSA claims of Plaintiff and other similarly situated home healthcare workers is based on 29 U.S.C. § 216(b) and 29 U.S.C. § 1331.   This Court also has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§ 1332(d)(2) and/or 1367.

3.     Missouri law authorizes court actions by private parties to recover damages for violation of the Missouri Minimum Wage Law, R.S.Mo. § 290.500 *et seq.* (hereinafter "MMWL").   R.S.Mo. § 290.527.   Jurisdiction over Plaintiff's state law claims is based on 28 U.S.C. §§ 1332(d)(2) and/or 1367 and R.S. Mo. § 290.527.

4.     Venue in this district is proper under 28 U.S.C. § 1391(b) and (c), because SSM does business in this district and employs home healthcare workers to work in this district, and because substantial unlawful conduct giving rise to the claims occurred in this district.

### Parties

5.     Plaintiff Christina Mayberry resides in the Eastern District of Missouri, and she previously worked for SSM as an hourly-paid home healthcare worker from August 2013 to October 2015.[1]   A copy of Plaintiff Mayberry's consent-to-join form is attached hereto as Exhibit 1.

---

[1] At the time she was employed by SSM, Plaintiff Mayberry was known as Christina Fuller.

2

6.     Plaintiff brings Count I of this lawsuit as a collective action under the FLSA on behalf of herself and all other similarly situated hourly-paid home healthcare workers, including LPNs, CNAs, and home health aides, employed by SSM in the last three (3) years.

7.     Plaintiff brings Counts II of this lawsuit as a class action under R.S. Mo. § 290.500 *et seq*. and Fed. R. Civ. Proc. 23 on behalf of herself and all other similarly situated hourly-paid home healthcare workers, including LPNs, CNAs, and home health aides, employed by SSM in Missouri within the last two (2) years.

8.     Plaintiff brings Counts III through V of this lawsuit as a class action under R.S. Mo. § 290.500 *et seq*. and Fed. R. Civ. Proc. 23 on behalf of herself and all other similarly situated hourly-paid home healthcare workers, including LPNs, CNAs, and home health aides, employed by SSM in Missouri within the last five (5) years.

9.     Defendant SSM Health Businesses d/b/a SSM Home Care and/or SSM Health at Home is a Missouri non-profit corporation that provides home healthcare services in more than 50 counties across Missouri, Illinois, and Oklahoma.

## General Allegations

10.     Within the last three years, Plaintiff and other similarly situated hourly-paid home healthcare workers, including LPNs, CNAs, and home health aides, have worked overtime hours. SSM treats these employees as "non-exempt" for purposes of entitlement to overtime pay under the FLSA and MMWL.

11.     Plaintiff and those similarly situated have consistently worked "off the clock" and without pay.  Time spent working "off the clock" included time spent working before their paid shift begins, during unpaid meal breaks, and after their paid shift ends.

12.    Unpaid pre-shift time includes but is not necessarily limited to time that employees spend preparing for a daily group conference call, transferring computer data to obtain patient assignments for the day's work, charting on previous days' visits, documenting doctor's orders, communicating with co-workers regarding patient visits from that day or a previous day, calling patients to schedule visits, communicating with a staff scheduler to arrange and make changes in assignments, preparing for patient visits, triage of patients not receiving visits that day, charting on triaged visits, reviewing and/or writing down patient addresses and planning routes of travel, reviewing patent charts and orders, preparing for laboratory tests, and restocking supplies.  Employees were not allowed to report said time as part of their paid hours.

13.    On a daily basis, Plaintiff and those similarly situated traveled to and from patients' homes for the purpose of providing in-home health care services.  Due to their heavy workload, employees often did not have sufficient time to take a meal break, yet SSM automatically deducted a daily 30-minute meal break from employees' paid work hours, regardless of whether an employee actually took/received a full or partial meal break.  While SSM theoretically had a "punch code" for employees to use to opt-out of the automatically deducted meal break, SSM management discouraged and/or prevented employees from using the punch code, thereby rendering it an ineffective mechanism for employees to get paid for time spent working during or through their automatically deducted meal period.  On a frequent basis, Plaintiff and other similarly situated employees worked during or through their automatically deducted meal period, yet they were not compensated for that work time.

14.    The FLSA and Missouri law requires that employees are completely relieved of their duties during their entire meal break; otherwise, they are entitled to compensation for such period of time.

4

15.     Many times, Plaintiff and other similarly situated employees worked through their meal break, and were therefore not completely relieved of their duties.  On those occasions, SSM nonetheless deducted the untaken meal period from the wages of Plaintiff and those similarly situated.

16.     In addition to providing home healthcare services to SSM's patients, Plaintiff and other similarly situated employees were required to perform a variety of other job-related tasks, including but not limited to charting; preparing reports; computer work; communicating by phone, e-mail, and/or text with patients, physicians, and supervisors; seeing patients after hours; telephone visits and charting of telephone visits; delivering laboratory specimens; paging doctors after hours; responding to lab values after hours; answering patient phone calls; answering doctor office phone calls after hours; returning messages; calling patients back and providing further education and instruction; relaying doctors' orders; charting patient information and follow up notes to case managers; calling reports to case managers; communicating with supervisors regarding patient care; documentation of doctors' orders; communicating with co-workers regarding patients; calling patients to schedule visits; communicating with staff scheduler regarding changes to patients' visit schedule; and various other duties.  Due to the heavy workload, Plaintiff and other similarly situated employees often performed these tasks outside of their regular paid shift, such as in the morning before their paid shift began and during the late afternoon and/or in the evening after their paid shift ended.  SSM, through its managers, suffered and/or permitted this work during pre-shift and/or post-shift hours, yet discouraged and/or prevented employees from reporting the work hours as paid time.  Specifically, Plaintiff and other similarly situated employees utilized SSM-issued laptop computers to access SSM's computer system/software to create, edit, and finalize work-related reports at times while they

were not clocked into SSM's timekeeping system and were not paid for said work time.  These reports were time-stamped within SSM's computer system, and served to put SSM on notice that employees were working at times when they were not clocked into the timekeeping system and thus were not being compensated for those work hours.  SSM knew or reasonably should have known that Plaintiff and other similarly situated employees were working off-the-clock, and SSM suffered and/or permitted said off-the-clock work.

17.     SSM, through its managers, discouraged and/or prevented Plaintiff and other similarly situated employees from reporting all of their work hours.

18.     As a result of the above-referenced uncompensated work time, Plaintiff and other similarly situated employees were denied overtime pay in violation of the FLSA and MMWL, and straight-time "gap time" pay in violation of Missouri common law.

19.     SSM management knew or should have known that the above-referenced practices resulted in a substantial amount of uncompensated work time by Plaintiff and other similarly situated employees.

20.     Furthermore, as a result of the above-referenced unpaid work time, Plaintiff and other similarly situated employees worked in excess of forty hours in various work weeks for which they were not paid overtime at the statutory rate.

21.     The deliberate failure of SSM to pay Plaintiff and those similarly situated their earned wages and overtime compensation violates the FLSA, the MMWL, and Missouri common law.

22.     SSM did not accurately record all time worked by Plaintiff and other similarly situated employees, in that the time they spent working pre-shift, post-shift, and during their meal break time is not reflected in SSM's timekeeping system and/or records.

6

23.     The net effect of the policies and/or practices maintained and administered by SSM, instituted and approved by company managers, is that SSM willfully failed to pay owed wages and willfully failed to keep accurate time records to save payroll costs.  SSM thus enjoyed ill-gained profits at the expense of its hourly-paid home healthcare workers.

24.     SSM's conduct amounts to a willful violation of the FLSA.

### Collective/Class Allegations

25.     Plaintiff brings this case as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of all those who file a consent to join form with the Court.

26.     Plaintiff, individually and on behalf of other similarly situated hourly-paid home healthcare workers employed by SSM within the last three years, seeks relief on a collective basis challenging, among other FLSA violations, SSM's practice of failing to accurately record, and pay for, all overtime hours worked.  The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from SSM's records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

27.     Plaintiff brings Count II as a class action pursuant to Fed.R.Civ.P. 23, on behalf of herself and as the Class Representative of the following persons (the "Class"):

> All current and former hourly-paid home healthcare workers, including LPNs, CNAs, and home health aides, employed by SSM in Missouri within two (2) years preceding the date of filing this action.

28.     Plaintiff bring Counts III through V as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and as the Class Representative of the following persons:

> All current and former hourly-paid home healthcare workers, including LPNs, CNAs, and home health aides, employed by SSM in Missouri within five (5) years preceding the date of filing this action.

29.     Plaintiff's claims in Counts III through V seek recovery of unpaid wages for straight-time, "gap time" wages in workweeks in which Plaintiff and those similarly situated worked uncompensated hours off the clock but had less than forty total work hours in a given workweek.  Plaintiff also seeks recovery of unpaid wages for all straight time hours above forty total work hours per workweek.

30.     The state law claims, if certified for class-wide treatment, are brought on behalf of all similarly situated hourly-paid home healthcare workers who do not opt-out of the class.

31.     Plaintiff's state law claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

32.     The class satisfies the numerosity standards.  The Class consists of at least dozens of persons who are believed to be geographically dispersed.  As a result, joinder of all Class members in a single action is impracticable.  Class members may be informed of the pendency of this class action through direct mail and/or other methods.

33.     Questions of fact and law common to the Class predominate over any questions affecting only individual members.  The questions of law and fact common to the Class arising from SSM's actions include, without limitation, the following:

> (i)     Whether SSM failed to pay Class members wages and overtime required under R.S. Mo. § 290.500 *et seq*.;
>
> (ii)    Whether SSM failed to fully and accurately record the hours worked each day and each workweek by Class members as required under R.S. Mo. § 290.520;
>
> (iii)   Whether contracts existed between SSM and Class members requiring payment of wages;

(iv)    Whether SSM breached and violated Contracts with Class members by failing to pay wages for time worked;

(v)     Whether SSM is liable to Class members pursuant to *quantum meruit*; and

(vi)    Whether SSM has been unjustly enriched by its failure to pay Class members for time worked.

34.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

35.     Plaintiff's claims are typical of those of the Class in that Class members who have been employed in the same or sufficiently similar hourly-paid home healthcare positions as Plaintiff were subject to the same unlawful practices.

36.     A class action is the appropriate method for the fair and efficient adjudication of this controversy.  SSM has acted or refused to act on grounds generally applicable to the Class. The presentation of separate actions by individual Class members creates a risk of inconsistent and varying adjudications, establishing incompatible standards of conduct for SSM and/or substantially impairing or impeding the ability of Class members to protect their interests.

37.     Plaintiff is an adequate representative of the Class because she is a member of the Class and her interests do not conflict with the interests of the members of the Class she seeks to represent.  The interests of the members of the Class will be fairly and adequately protected by Plaintiff and the undersigned counsel, who are experienced in prosecuting complex wage and hour, employment, and class action litigation.

9

38.     Maintenance of this action as a class action is a fair and efficient method for adjudicating this controversy.  It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action.  In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

## Count 1:  Violation of the Fair Labor Standards Act of 1938

39.     Plaintiff reasserts and re-alleges the allegations set forth above.

40.     At all times material herein, Plaintiff and other similarly situated persons have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq*.

41.     The FLSA regulates, among other things, the payment of overtime to home healthcare workers who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

42.     At all times, SSM has had annual gross operating revenues in excess of Five Hundred Thousand Dollars ($500,000).

43.     SSM is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and/or its home healthcare workers are engaged in commerce.

44.     SSM violated the FLSA by failing to pay for overtime.

10

45.     Plaintiff and all similarly situated hourly-paid home healthcare workers are victims of a uniform compensation policy and/or practice whereby SSM suffered and/or permitted said workers to engage in off-the-clock, uncompensated overtime hours.

46.     Plaintiff and all similarly situated hourly-paid home healthcare workers are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the filing of the Complaint, plus periods of equitable tolling, because SSM acted willfully and knew, or showed reckless disregard for whether its conduct was prohibited by the FLSA.

47.     SSM has not acted in good faith or with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b). Alternatively, should the Court find SSM did not act willfully in failing to pay overtime compensation, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

48.     As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by SSM from Plaintiff and all similarly situated employees.  Accordingly, SSM is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, on Count I of this Complaint, Plaintiff and all similarly situated employees demand judgment against SSM and pray for:  (1) unpaid overtime wages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4)

11

pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Count II:  Violation of The Missouri Minimum Wage Law

49.    Plaintiff reasserts and re-alleges the allegations set forth above.

50.    At all relevant times herein, Plaintiff and the Class have been entitled to the rights, protections, and benefits provided under the MMWL, R.S.Mo.§ 290.500 *et seq.*

51.    The MMWL regulates, among other things, the payment of overtime wages by employers.

52.    During all times relevant to this action, SSM was the "employer" of Plaintiff and the Class within the meaning of the MMWL.

53.    During all times relevant to this action, Plaintiff and the Class were SSM's "employees" within the meaning of the MMWL.

54.    Pursuant to the MMWL, employees are entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of forty (40) hours in a workweek.

55.    SSM, pursuant to its policy and practice, violated the MMWL by refusing and failing to pay Plaintiff and other similarly situated employees overtime wages required under the MMWL.

56.    Plaintiff and the Class are victims of a uniform and employer-based compensation policy or practice.  This uniform policy/practice, in violation of the MMWL, has been applied, and continues to be applied, to members of the Class.

57.    Plaintiff and all similarly situated employees are entitled to damages equal to all unpaid overtime wages due within two (2) years preceding the filing of this Complaint plus

periods of equitable tolling along with an additional equal amount as liquidated damages.  R.S. Mo. § 290.527.

58.     Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

59.     SSM is liable pursuant to R.S. Mo § 290.527 for Plaintiff's costs and reasonable attorneys' fees incurred in this action.

WHEREFORE, on Count II of this Complaint, Plaintiff and all similarly situated employees demand judgment against SSM and pray for:  (1) unpaid overtime wages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by R.S. Mo. § 290.527; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

<u>**Count III – Breach of Contract**</u>

60.     Plaintiff reasserts and re-alleges the allegations set forth above.

61.     During times relevant, Plaintiff and all others similarly situated employees entered into contracts with SSM whereby such persons agreed to perform services as part of their employment by SSM, and SSM agreed to compensate such persons for all such services based upon specified hourly rates of pay (hereinafter "the Contracts").

62.     SSM breached and violated the Contracts by failing to pay Plaintiff and all others similarly situated for time worked.

63.     Prior to SSM's breach and violation of the Contracts, Plaintiff and all others similarly situated performed their duties under the Contracts.

64.     As a direct result of SSM's violations and breaches of the Contracts, as aforesaid, Plaintiff and all others similarly situated have been damaged.

65.     Plaintiff and all similarly situated employees are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this Complaint plus periods of equitable tolling.

66.     Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE, on Count III of this Complaint, Plaintiff and all similarly situated employees demand judgment against SSM and pray for: (1) compensatory damages; (2) pre-judgment and post-judgment interest as provided by law; (3) costs of suit; and (4) such other relief as the Court deems fair and equitable.

### Count IV – Quantum Meruit

67.     Plaintiff reasserts and re-alleges the allegations set forth above.

68.     SSM recognized the benefits conferred upon it by Plaintiff and others similarly situated.

69.     SSM accepted and retained the benefits under circumstances that would render such retention inequitable.

70.     SSM has thereby been unjustly enriched and/or Plaintiff and others similarly situated have been damaged.

71.     The payment requested by Plaintiff and others similarly situated for the benefits produced by them is based on customary and reasonable rates for such services or like services at the time and in the locality were the services were rendered.

72.     Plaintiff and the Class are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this Complaint plus periods of equitable tolling.

73.     Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE, on Count IV of this Complaint, Plaintiff and all similarly situated employees demand judgment against SSM and pray for:  (1) compensatory damages; (2) pre-judgment and post-judgment interest as provided by law; (3) costs of suit; and (4) such other relief as the Court deems fair and equitable.

### Count V – Unjust Enrichment

74.     Plaintiff reasserts and re-alleges the allegations set forth above.

75.     Plaintiff and others similarly situated conferred benefits on SSM and SSM received such benefits conferred upon it by Plaintiff and those similarly situated.

76.     SSM appreciated the fact of the benefits.

77.     SSM accepted and retained the benefits in circumstances that render such retention inequitable.

78.     SSM has thereby been unjustly enriched and/or Plaintiff and others similarly situated have been damaged.

79.     Plaintiff and all similarly situated employees are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this Complaint plus periods of equitable tolling.

80.     Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE, on Count V of this Complaint, Plaintiff and all similarly situated employees demand judgment against SSM and pray for:  (1) compensatory damages; (2) pre-

judgment and post-judgment interest as provided by law; (3) costs of suit; and (4) such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Respectfully submitted,

**RIGGAN LAW FIRM, LLC**

/s/ Russell C. Riggan
Russell C. Riggan (#53060MO)
Samuel Moore (#58526MO)
132 West Washington Avenue, Suite 100
Kirkwood, Missouri 63122
Phone:  (314) 835-9100
Fax:  (314) 735-1054
russ@rigganlawfirm.com

*Attorneys for Plaintiff and all those similarly situated*