UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CHRISTINA MAYBERRY, et al., individually)
and on behalf of others similarly situated, )
                                         )
        Plaintiffs,               )
                                         )
        vs.                     )        Case No. 4:15-CV-1680-CEJ
                                         )
SSM HEALTH BUSINESSES, d/b/a      )
SSM HOME CARE and/or SSM HEALTH  )
AT HOME,                         )
                                       )
        Defendant.           )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to compel defendant to supplement its responses to plaintiffs' first set of interrogatories and first request for production of documents, and for attorneys' fees and costs, pursuant to Fed. R. Civ. P. 37. Also before the Court is defendant's motion for a hearing on the motion to compel. The issues are fully briefed.

### I. Background

Plaintiff Christina Mayberry initiated this putative collective action, asserting violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.* (Count I) and various state law claims (Counts II-V). Plaintiffs Cleo Mayfield and Rhonda McKinnon subsequently opted in. Plaintiffs allege that defendant violated the FLSA by subjecting its hourly-paid home healthcare workers in Missouri, Illinois, and Oklahoma to a policy or practice that required them to work "off the clock" without pay. The putative class includes all hourly-paid home healthcare workers employed by defendant from November 9, 2012, through November 9, 2015, who "opt-in" to

the collective action.  *See id.* § 216(b).   The named plaintiffs all worked out of the defendant's office in Lake Saint Louis, Missouri.   Plaintiffs have not produced any written policies, affidavits, or other documents that suggest defendant has an official policy or uniform management practice that results in underpayment of its workers at any other office.

Pursuant to the case management order, the parties are currently limited to conducting discovery relevant to the issue of class certification.   The dispute over defendant's discovery responses has narrowed since the instant motion was filed. Presently at issue are (1) plaintiffs' requests for pay records, time records, and Visit Timeliness Reports for five randomly-selected hourly employees during the two-year period prior to the filing of this action and (2) plaintiffs' requests for documents responsive to requests for production 51, 52, and 53 for five randomly-selected hourly employees during the two-year period prior to the filing of this action.

In Request 51, plaintiffs sought documents reflecting the dates and times that work-related reports were prepared, reviewed, or accessed by hourly-paid employees outside their scheduled shifts during the class period.   Defendant objected to the request as overbroad and irrelevant to the issue of class certification.   However, defendant agreed to produce the requested documents that pertained to the named plaintiffs only.

In Request 52, plaintiffs requested all records reflecting the dates and times when hourly-paid workers accessed defendant's computer systems, outside their scheduled shifts, during the class period.   In Request 53, plaintiffs requested documents reflecting notifications on defendant's computer system that appear when hourly-paid workers access the system remotely.   Defendant objected to both

requests on grounds of overbreadth and relevance, and on the ground that the requests sought documents that defendant does not maintain. However, after responding to the request, defendant learned that it does have log-in/log-off data that dates back to November 2015, but none that pertains to the named plaintiffs.

## I. Legal Standard

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." *See WWP, Inc. v. Wounded Warriors Family Support, Inc.*, 628 F.3d 1032, 1039 (8th Cir. 2011). A "court must limit the frequency or extent of discovery . . . if it determines that . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii). A district court's discovery rulings are subject to "both narrow and deferential" review for "gross abuse of discretion." *Robinson v. Potter*, 453 F.3d 990, 994 (8th Cir. 2006) (quotation marks and citations omitted).

"A party seeking discovery may move for an order compelling . . . [a] production" if "a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). However, "discovery may not be had on matters irrelevant to the subject matter involved in the pending action . . . ." *Misc. Docket Matter No. 1 v. Misc. Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999). "While the standard of relevance in the context of discovery is broader than in the context of admissibility . . . this often intoned legal tenet should not be misapplied so as to allow fishing expeditions in discovery." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). A "threshold showing of relevance must be made before parties are

required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Id.* Put another way, the "appropriate inquiry . . . is how big a pond is the requesting party allowed to fish in, and what may the requesting party fish for." *Whiteamire Clinic, P.A., Inc. v. Quill Corp.*, No. 12 C 5490, 2013 WL 5348377, at *6 (N.D. Ill. Sept. 24, 2013). "Upon a showing by the requesting party that the discovery is relevant, the burden is on the party resisting discovery to explain why discovery should be limited." *CitiMortgage, Inc. v. Allied Mortg. Grp., Inc.*, No. 4:10-CV-1863-JAR, 2012 WL 1554908, at *2 (E.D. Mo. May 1, 2012).

"While moving for provisional certification of a collective class is a required step in litigating [FLSA] actions, provisional certification is not necessarily a prerequisite for conducting limited discovery necessary for defining the proposed class." *Morden v. T-Mobile USA, Inc.*, No. C05-2112 RSM, 2006 WL 1727987, at *2 (W.D. Wash. June 22, 2006). "In this 'pre-certification' stage of discovery, discovery should be relevant to the issues surrounding . . . collective action certification under . . . the [FLSA]." *Helmert v. Butterball, LLC*, No. 4:08-CV-00342-JLH, 2008 WL 5272959, at *2 (E.D. Ark. Dec. 15, 2008). "[T]he scope of relevant discovery" will encompass "documents relevant to conduct that occurred at [a] location" at issue. *Jenkins v. White Castle Mgmt. Co.*, No. 12 C 7273, 2013 WL 5663644, at *2 (N.D. Ill. Oct. 17, 2013). A plaintiff "is not barred from seeking documents relevant to the alleged conduct at [one location] merely because the issues were discussed by higher-level management or with respect to multiple . . . locations." *Id.* Thus, even before an FLSA collective action is conditionally certified, a plaintiff is entitled to "records pertaining to other employees at the [location at issue], such as work schedules,

personnel files, wage rates, and records of terminations," if relevant to the claim.  *Id.*

At the same time, however, courts will not permit a party to "explore [a] matter [that] does not presently appear germane on the theory that it might conceivably become so."  *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 635 (D. Minn. 2000) (quotation marks and citations omitted).  Whether a matter "presently appear[s] germane" necessarily is determined by scrutinizing the precise request at issue.  *Id.; see Hofer*, 981 F.2d at 380.  Additionally, of course, a court "cannot compel the production of documents that do not exist."  *Pennington v. Integrity Commc'ns, Inc.*, No. 1:12-CV-5-SNLJ, 2014 WL 2136000, at *2 (E.D. Mo. May 22, 2014).  Finally, when a motion to compel is "granted in part and denied in part," a court "may," but is not required to, "apportion the reasonable expenses for the motion."  Fed. R. Civ. P. 37(a)(5)(C).

## II.  Discussion

"[T]o pursue [an FLSA] collective action," plaintiffs must "show that there are other potential plaintiffs who are similarly situated to" them.  *Jenkins*, 2013 WL 5663644, at *3.  "Because [defendant] denies that it had common policies giving rise to" their claims, they "will need discovery to make this showing."  *Id.*  The named plaintiffs allegedly were subject to the same unlawful wage practices at the same office, under the same policies and management.  Therefore, plaintiffs have made a threshold showing of relevance with respect to the time records, pay records, Visit Timeliness Reports, and such requested computer records as exist for all hourly-paid home healthcare workers based in defendant's Lake Saint Louis office.  *See Hofer*, 981 F.2d at 380; *Jenkins*, 2013 WL 5663644, at *2–3.  Commensurate with plaintiffs' request, defendant will be compelled to produce those records for five other randomly

selected hourly-paid home healthcare workers who were based in the Lake Saint Louis office.

In contrast, plaintiffs have not made the requisite threshold showing of relevance with respect to the personnel files and computer records of home healthcare workers based in other offices. *See Prokosch*, 193 F.R.D. at 635. The requested documents are neither policy statements nor records of "higher-level management" decisions that might be "relevant to conduct that occurred" both at the Lake Saint Louis office and at other locations. *Jenkins*, 2013 WL 5663644, at *2. Those employees' records do not conceivably bear on the policies or management practices at the Lake Saint Louis office, and are thus irrelevant to the claims of the named plaintiffs.

Therefore, to obtain those documents, plaintiffs must make a threshold showing that the records are relevant to some other presently germane purpose. *See Prokosch*, 193 F.R.D. at 635. Plaintiffs cannot rely on conjecture alone for that showing. *See Hofer*, 981 F.2d at 380. To justify embarking on multi-office discovery of personnel files and employee computer records, plaintiffs must adduce information at least plausibly suggesting workers at other offices were subject to similar policies or practices as those allegedly in effect at the Lake Saint Louis office.

No home healthcare worker from any other office has opted into the putative FLSA collective action. Plaintiffs do not contend that the absence of other opt-in plaintiffs is the result of defendant's refusal to furnish the names and addresses of potentially similarly situated individuals. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170–71 (1989). The fact that no worker from another office has opted in belies plaintiffs' supposition that a similar policy or practice was in effect at other

offices. Under these circumstances, there is no justification for multi-office discovery.

Further, plaintiffs do not suggest defendant has denied them policy documents or records of multi-office management practices. *Cf. Jenkins*, 2013 WL 5663644, at *2. But they did not introduce evidence of any such policies or practices here. It is thus pure speculation that individuals at any other office worked under similar conditions to those of the named plaintiffs. The failure to introduce such information or explain its absence means plaintiffs have not met Rule 26(b)(1)'s threshold showing that the alleged unlawful policy or practice extends beyond the Lake Saint Louis office. Therefore, plaintiffs have not justified their requests for discovery of personnel files and employee computer records from other offices. *See Hofer*, 981 F.2d at 380; *Whiteamire Clinic*, 2013 WL 5348377, at *6. The request to compel production of such records will be denied.

Additionally, the Court will not award attorneys' and costs in this instance because the bulk of plaintiffs' requests were properly objected to as irrelevant to the present issues. Finally, defendant's motion for a hearing will be denied as moot.

* * * * *

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to compel [Doc. #22] is **granted in part** as follows:

No later than **July 6, 2016**, defendant shall produce the time records, pay records, Visit Timeliness Reports, and the computer records requested in requests for production 51, 52, and 53 that exist for five randomly selected home healthcare workers from defendant's Lake Saint Louis, Missouri office. The named plaintiffs shall not be included in that random sample. Defendant shall produce all such records and reports created, edited, or otherwise accessed by those exemplar home

healthcare workers from November 9, 2013, through November 9, 2015. Accompanying that production, defendant shall certify by sworn affidavit that it has made a diligent search for all such computer records still in existence.

**IT IS FURTHER ORDERED** that the motion to compel is **denied in all other respects**.

**IT IS FURTHER ORDERED** that defendant's motion for a hearing [Doc. #35] is **moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 24th day of June, 2016.