UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTINA MAYBERRY, et al., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SSM HEALTH BUSINESSES, d/b/a SSM HOME CARE and/or SSM HEALTH AT HOME,<br><br>Defendant. | Case No. 4:15-CV-1680-CEJ |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion to strike defendant's declarations submitted in support of its opposition to plaintiff's motion to conditionally certify class [Doc. #53]. Defendant has responded and the issues are fully briefed.

### I. Background

Plaintiffs bring this action pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), to recover overtime compensation that defendant allegedly failed to pay. Because plaintiffs seek to bring the case as a class action, the Court ruled that discovery would be conducted in phases, with Phase I focusing on class certification issues. In the case management order, the Court established deadlines for completion of all Rule 26(a)(1) disclosures and all discovery pertaining to Phase I issues.

In its initial Rule 26 disclosures to plaintiffs, defendant identified eight individuals who were "likely" to have discoverable information that defendant may use to support its claims or defenses pertaining to collective or class action certification. The defendant also stated that it believed that putative class members

who worked at the St. Louis and St. Louis West Home Care branch locations may also be knowledgeable about issues involved in this case. Plaintiffs subsequently propounded interrogatories to which defendant responded with answers and objections. In response to plaintiffs' Interrogatory 12— which asked defendant to identify all persons having knowledge of the issues involved in this case—defendant referred to its Rule 26(a)(1) disclosures. In response to plaintiffs' Interrogatory 20—which asked defendant to identify all witnesses who support its opposition to class certification—defendant objected and provided no witness information. Plaintiffs filed a motion to compel, but did not challenge the responses to Interrogatories 12 and 20.

After plaintiffs filed a motion to conditionally certify the class, defendant filed a response in opposition. Attached to the response were declarations from Amy Wynn, Jennifer Jones, Pamela Hazer, Sandra Phillips, Stephanie Stephens, and Michelle Walker. All of the declarants are employees of the defendant who work at either the St. Louis or St. Louis West Home Care branch location. The names of the declarants were not provided in the defendant's initial disclosures or interrogatory answers. However, in response to an order compelling discovery the defendant did provide employment records pertaining to declarant Amy Wynn.

## II. Discussion

Plaintiffs move to strike the declarations pursuant to Federal Rule of Civil Procedure 37(c)(1). Rule 37(c)(1) provides, in relevant part: "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that witness to supply evidence on a motion, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Plaintiffs argue that

defendant's failure to name the six declarants in its Rule 26 disclosures was not harmless because the defendant heavily relied upon the declarations in its opposition to class certification. The defendant argues that there was no prejudice or harm to the plaintiffs because one of the declarants was disclosed and plaintiffs did not seek to depose her or any of the other putative collective members identified in a supplemental discovery production.

As discussed above, the defendant's Rule 26(a)(1) disclosures generally identified employees of the St. Louis and St. Louis West Home Care branch locations as potential witnesses. The defendant also specifically identified declarant Amy Wynn in a supplemental production. Despite having this information, plaintiffs did not seek to depose Wynn or any of the other declarants. Further, plaintiffs did not challenge the defendant's objections or answers to Interrogatories 12 and 20, although they could have done so. The Court finds that defendant's disclosures were adequate under Rule 26(a)(1). However, even if the disclosures were insufficient, the defendant's failure to specifically name the declarants was harmless. Plaintiffs have not shown that they will be prejudiced by the declarations.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to strike [Doc. #53] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 6th day of January, 2017.