UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTINA MAYBERRY, et al., individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> SSM HEALTH BUSINESSES, d/b/a SSM HOME CARE and/or SSM HEALTH AT HOME, <br><br> Defendant. | Case No. 4:15-CV-1680-CEJ |

# MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Christina Mayberry to conditionally certify a collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b). Defendant SSM Health Businesses has filed a response in opposition and the issues are fully briefed.

## I. Background

Plaintiff brings this action to recover unpaid overtime and unpaid wages under the FLSA and the Missouri Minimum Wage Law (MMWL), Mo. Rev. Stat. § 290.527. Cleo Mayfield, Janice Tainter, and Rhonda McKinnon have opted in as party plaintiffs. Plaintiff alleges that she and other hourly-paid home healthcare workers employed by defendant in Missouri, Illinois, and Oklahoma were subjected to a policy or practice that required them to work "off the clock," without pay. Plaintiff seeks to conditionally certify a collective action under 29 U.S.C. § 216(b). The proposed class would include all current and former hourly-paid home

healthcare workers employed at any time within the last three years at defendant's St. Louis and St. Louis West branch locations.

## II. **Legal Standard**

Section 7 of the FLSA prohibits an employer from subjecting non-exempt employees to a work week in excess of 40 hours unless the employee is compensated for overtime worked at a rate of at least one and one half his or her regular hourly wage. 29 U.S.C. § 207. Any employer who violates this restriction "shall be liable to the employee or employees affected in the amount of their ... unpaid overtime compensation ... and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 216(b) provides that a plaintiff may bring suit under the FLSA "for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). However, an employee does not become a party to the suit "unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.*

The Eighth Circuit has not adopted a procedure for determining whether a group of employees is similarly situated or for obtaining the consent of those employees, but this Court has consistently employed the two-step process applied by the other circuits that have considered the issue. *See, e.g.*, *Beasely v. GC Services LP*, 270 F.R.D. 442, 444 (E.D.Mo.2010); *Simmons v. Enter. Holdings, Inc.*, 2011 WL 855669, at *2 (E.D.Mo.2011); *Ondes v. Monsanto Co.*, 2011 WL 6152858 (E.D.Mo.2011). "Under this two-step process, the plaintiff first moves for class certification for notice purposes...[o]nce the Court conditionally certifies the class, potential class members are given notice and the opportunity to 'opt-in.'" *Kautsch v. Premier Commc'ns*, 504 F.Supp.2d 685, 688 (W.D.Mo.2007). "At the second

step of the process, the defendant may move to decertify the class. This is typically done after the close of discovery when the Court has much more information and is able to make a more informed decision." *Id.*

Because the preliminary certification is made with limited information and is conditional in nature, the "plaintiff's burden is not onerous." *Dernovish v. AT&T Operations, Inc.*, 2010 WL 143692 (W.D. Mo. Jan. 12, 2010). "There is no need to show that the would-be members of the class are actually similarly situated or that they are identical, but the plaintiff must present some evidence to demonstrate the class members are similar in important respects and are subjected to similar policies or circumstances." *Id.* (citing *Huang v. Gateway Hotel Holdings*, 248 F.R.D. 225, 227 (E.D. Mo. 2008); *see also Kautsch*, 504 F.Supp.2d at 689. In other words, plaintiff must produce "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Davis v. NovaStar Mortg., Inc.*, 408 F.Supp.2d 811, 815 (W.D. Mo. 2005).

### III. Discussion

In support of the motion for conditional certification, Mayberry submits her declaration and the declarations of the opt-in plaintiffs. The declarations are identical in terms of the allegations made against the defendant. The declarants state: (1) they were hourly-paid home healthcare workers working out of defendant's St. Louis or St. Louis West branch, (2) they had to perform essential tasks of their job "off-the-clock," (3) plaintiffs' supervisors were aware of and permitted work to be performed outside of the regular paid shift, (4) they complained to management about being unable to complete tasks during the work day and not being compensated for time worked off-the-clock, (5) they utilized a

defendant-issued laptop for work-purposes before and after their scheduled shifts, (6) they routinely worked on and completed charting and patient reports at home off-the-clock, and (7) they incurred unpaid overtime on a regular basis.

In their depositions, Mayberry and the opt-in plaintiffs testified that: (1) they were employed by defendant as a full-time, hourly-paid Licensed Practical Nurse (LPN) and were classified as non-exempt, (2) they worked off-the-clock before and after work, (3) they were not compensated for off-the-clock work, (4) there was an expectation that employees work off-the-clock based on instructions from supervisors, and (5) complaints were made to supervisors about uncompensated off-the-clock work. Mayberry testified that she worked off-the-clock for one to one half hours before her shift and for two to three hours following her shift; in total she estimated that she performed an average of fifteen to twenty hours of off-the-clock work while employed by defendant. [Doc. #44-5, 124:20-125:11, 142:22-143:2]. McKinnon testified that she worked forty-five minutes to an hour before her shift and one to two hours following her shift. [Doc. #44-6, 49:5-8, 76:23-77:1]. Mayfield testified that she performed one to one half hours of off-the-clock work before her shift, and three to four hours of off-the-clock work after her shift. [Doc. #44-7, 104:13-23, 107:13-109:5]. Tainter testified that she typically worked at least one to one half hours off-the-clock before her shift and one to two hours off-the-clock following her shift and estimates she worked ten to twenty hours a week off-the-clock while employed by defendant. [Doc. #44-8, 71:21-72:4, 81:18-22, 82:20-83:2].

The plaintiff's motion is also supported by documents obtained through discovery. These documents reflect the times that Mayberry and the opt-in

plaintiffs clocked in and out for work they performed and provide examples of their completing work in the mornings prior to clocking in as well as completing work in the evenings after clocking out, thus corroborating their declarations and deposition testimony. [Doc. #44-9].

### A. Conditional Certification

Plaintiff seeks conditional certification to pursue claims against defendant for violating the FLSA's requirement to pay overtime rates for all hours worked in excess of 40 hours per week. Defendant argues that in cases such as this, where plaintiff has been afforded discovery on the issue of whether or not the action should proceed as a collective action, the Court should apply a more restrictive standard requiring the plaintiff to demonstrate at least modest factual support for the class allegations in the complaint. *See e.g., Price v. Daugherty Sys., Inc.*, 2013 WL 3324364, at *3 (E.D. Mo. July 1, 2013).

In *Price*, discovery prior to conditional certification included the defendant's production of 16,000 pages of documents, the depositions of two corporate representatives by plaintiffs, and the exchange of interrogatory responses. *Id.* While the plaintiffs opposed application of anything other than the most lenient standard, the court noted that they relied upon the evidence obtained during discovery to support their certification motion. *Id.* at *4. In the instant case, plaintiff elected to forgo depositions at the pre-conditional stage and notes that she conducted minimal written discovery, much of which was objected to and not produced by the defendant. Written discovery requests were exchanged, however, and defendant chose to depose Mayberry and each opt-in plaintiff. While Mayberry has relied on the evidence from defendant's pay and time records in support of her

motion, substantial discovery has not yet been conducted in this matter.  Based upon the limited discovery conducted thus far, the Court is inclined to apply the more lenient standard typically applied in conditional certification matters.  *See Dernovish v. AT&T Operations, Inc.*, 2010 WL 143692 (W.D. Mo. Jan. 12, 2010).  However, under either standard, plaintiff has met her burden for conditional certification.

Mayberry and the opt-in plaintiffs were hourly-paid home healthcare workers employed at defendant's St. Louis and St. Louis West locations.  They all performed similar duties, had a similar hourly compensation structure, recorded their hours through the same timekeeping program, and were treated as non-exempt for purposes of overtime pay.  It is alleged that all performed work for defendant off-the-clock, both before and after work, without receiving overtime compensation.  The affidavits and deposition testimony contain allegations that defendant's supervisory employees were aware of the off-the-clock work and permitted plaintiff and other similarly situated employees to work outside of their scheduled shifts and off-the-clock without receiving appropriate overtime compensation.  The affidavits alone are sufficient to satisfy the substantial allegations necessary for conditional certification.  The timekeeping records showing that work was performed for defendant off-the-clock further support the allegations contained in the complaint as well as in the declarations and depositions.  Plaintiff Mayberry has presented sufficient evidence demonstrating that the putative class members are similar in important respects and are subjected to similar policies or circumstances.  Furthermore, even under the higher standard proposed by defendant the plaintiff

has demonstrated at least modest factual support for the allegations in the complaint.

Defendant has provided a number of declarations in support of itscontention that there is no corporate policy supporting the allegations made by plaintiffs. Each of defendant's declarants state either that: (1) they have not performed off-the-clock work while employed for SSM; or (2) to the extent they performed any off-the-clock work, they believe it was offset by personal time spent on the clock. Defendant's declarants also state that defendant does not have a practice or policy requiring or permitting home healthcare workers to perform work off-the-clock and that their supervisors have never instructed them to perform work off-the-clock. Although defendant offers evidence of contrary company-wide policies, the Court cannot weigh evidence at this juncture. *Davenport v. Charter Commc'ns, LLC*, 2014 WL 1272783, at *6 (E.D. Mo. Mar. 27, 2014) (determining that the court could not weigh evidence at the conditional certification stage despite the presentation of contrary evidence); *see also Loomis v. CUSA LLC,* 257 F.R.D. 674, 676 (D.Minn.2009) (noting that the court does not make credibility determinations or findings of fact with respect to contradictory evidence submitted by parties at this initial stage).

Defendant argues that plaintiff has failed to demonstrate the existence of a commonly applied illegal overtime policy and has failed to provide any evidence of a corporate policy encouraging or permitting off-the-clock work. Defendant asserts that plaintiff must provide proof that management imposed or knew of the off-the-clock work. These arguments are premature; at this stage of the litigation all that is required are substantial allegations, or applying defendant's more restrictive

standard, modest factual support. *Davis v. NovaStar Mortg., Inc.*, 408 F.Supp.2d 811, 815 (W.D. Mo. 2005).

Defendant also argues that plaintiff has failed to demonstrate that she and the opt-in plaintiffs are similarly situated to the hourly home healthcare workers they seek to represent. Defendant asserts that no evidence has been presented showing that all hourly home healthcare workers at the St. Louis and St. Louis West branch locations have similar duties, compensation structures, or timekeeping methods. However, plaintiff has alleged that the putative class members do have similar duties, compensation structures, and timekeeping methods, and that they have been subjected to similar policies or practices of defendant. "Simply identifying differences between the parties is not enough to defeat a motion for class certification at this notice stage." *Ondes v. Monsanto Co.*, 2011 WL 6152858, at *6 (E.D. Mo. Dec. 12, 2011) (quoting *Helmert v. Butterball, LLC*, 2009 WL 5066759, at *4 (E.D. Ark. Dec. 15, 2009)). "Even if these differences may affect the plaintiffs' ability to prove liability, the Court does not reach the merits of the parties' claims and defenses at the certification stage." *Id.* Plaintiffs' declarations and testimony, as well as defendant's records provide enough evidence at this stage to satisfy the substantial allegations standard that employees were similarly situated and subject to a common practice.

Defendant also points to its written policies in an effort to demonstrate that there is no decision, policy or plan to deny employees overtime pay. Other courts have addressed this same argument, stating that "[o]f course there can be a difference between what employees are told verbally and what they are told in writing." *O'Donnell v. Southwestern Bell Yellow Pages, Inc.,* 2012 WL 1802336, at

*3 (E.D.Mo. May 17, 2012) (quoting *Dernovish,* 2010 WL 143692, at *2; *see also Schmaltz v. O'Reilly Auto. Stores, Inc.*, 2013 WL 943752, at *7 (E.D. Mo. Mar. 11, 2013) ("Defendant's reliance on its official written policies to disprove Plaintiff's claim is misplaced"). In any event, this argument relates to the merits and should not be resolved at this time.

The declarations, depositions and documents submitted by plaintiff contain substantial allegations and factual support that home healthcare workers employed by defendant were subjected to a policy or plan to deprive them of compensation for tasks performed off the clock. The evidence produced by plaintiff is sufficient to satisfy the lenient standard for conditional certification of the collective action. The Court is satisfied that plaintiff has presented sufficient evidence to demonstrate that the putative class members are similar in important respects and are subjected to similar policies or circumstances.

### B. **Notice to Class Members**

Plaintiff also seeks authorization to send notice of this lawsuit to similarly situated employees under 29 U.S.C. §216(b). Defendant contends that, even class notice is warranted, the notice proposed by plaintiff should be modified.

As a general matter, the purpose of the notice form is to inform potential class members about the existence of the suit and allow them to evaluate whether or not they wish to join it. *Littlefield v. Dealer Warranty Servs ., LLC,* 679 F.Supp.2d at 1014, 1018 (E.D.Mo.2010). District courts have discretion, in appropriate cases, to implement § 216(b) by facilitating notice to potential plaintiffs. *Hoffmann–La Roche Inc. v. Sperling,* 493 U.S. 165, 169 (1989). In addition, ". . . trial court involvement in the notice process is inevitable in cases with numerous plaintiffs

where written consent is required by statute . . ." *Id.* at 171. However, a court should not alter a plaintiff's proposed notice "unless certain changes are necessary." *Littlefield,* 679 F.Supp.2d at 1018 (E.D.Mo.2010).

Defendant first argues that it should not be required to produce email addresses and telephone numbers of the putative class members, as there has been no showing that mailed notice is insufficient. Defendant also expresses concern that plaintiff would improperly use this information for the purpose of soliciting additional class members. Defendant suggests that the Court follow the rationale of *Ortiz-Alvarado v. Gomez*, 2014 WL 3952434, at *7 (D. Minn. Aug. 13, 2014), in communication beyond home addresses and postings at the site of business was found to be unnecessary. However, courts in this district have permitted notice via phone and e-mail. *See Simmons v. Enter. Holdings, Inc.*, 2011 WL 1304732, at *2 (E.D. Mo. Apr. 6, 2011) (ordering notice by mail, email, and notice posting); *see also Nobles v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 5563444, at *2 (W.D. Mo. Nov. 15, 2011) (ordering defendant to provide email addresses and telephone numbers for the purpose of permitting notice). Furthermore, "[a]t this stage of the litigation, justice is most readily served by notice reaching the largest number of potential plaintiffs." *Perrin v. Papa John's Int'l, Inc.*, 2011 WL 4815246, at *2 (E.D. Mo. Oct. 11, 2011) (quoting *Kautsch v. Premier Communs.,* 504 F.Supp.2d 685, 690 (W.D.Mo.2007)). In addition, defendant has not shown that permitting notice in this manner would be a substantial burden to any party involved in this matter. The Court finds plaintiff's request for email addresses and phone numbers is appropriate.

Defendant also assert that the notice should include a brief description of defendant's affirmative defenses because plaintiff proposes to include a detailed description of the allegations made in the complaint. Defendant further asserts that the notice should state that the Court has taken no position as to the merits of the case and has made no findings as to liability. The proposed notice clearly states that no opinion is being expressed by the Court regarding the merits of the claims or defenses being asserted. The proposed notice also states that defendant has denied that it violated the FLSA and that it is defending against all claims asserted. The inclusion of the defendant's affirmative defenses is unnecessary, given that the purpose of the notice is merely to inform potential class members of the existence of the suit.

The notice contains a statement that it and its content have been authorized by the Court. Defendant maintains that this statement should be placed in the same paragraph as the statement advising that the notice does not represent the Court's opinion on the merits of the case. The repositioning defendant suggests is unnecessary, as the notice as currently formatted is neither confusing nor indicative of any judicial bias. Accordingly, the Court declines to adopt defendant's suggested modification.

Defendant argues that the scope of the class should be restricted to full-time hourly LPNs rather than all hourly home healthcare workers, because plaintiff has provided no evidence pertaining to any home healthcare worker other than hourly LPNs. Plaintiff has alleged that other similarly situated home healthcare workers also worked off-the-clock without appropriate pay and were included in the group meetings in which the allegations of off-the-clock work was discussed, directed, or

complained about. Given these allegations and the limited discovery that has occurred, the Court agrees with the parameters of plaintiff's proposed notice.[1]

Lastly, defendant asserts that the scope of the class should be restricted to the St. Louis West location, as three of the four putative plaintiffs worked exclusively at this location, and the fourth performed work only at a select division of the St. Louis location. Regardless of where they worked, the allegations of all four putative plaintiffs are similar and the evidence submitted sufficiently demonstrates that all four are similar in important respects and were subjected to similar policies or circumstances. The Court declines to adopt defendant's suggestion to restrict the scope of the class.

\* \* \* \* \*

For the reasons discussed above,

**IT IS HEREBY ORDERED** that plaintiff's motion for conditional certification of collective action and leave to issue class notice [Doc. #44] is **granted**.

**IT IS FURTHER ORDERED** that the conditionally-certified class shall include all current and former hourly-paid home healthcare workers employed at any time within the last three years at defendant's St. Louis and St. Louis West branch locations.

**IT IS FURTHER ORDERED** that defendant shall, not later than **June 20, 2017**, provide plaintiffs' counsel with a list of all potential class members. The list shall be provided in electronic format and shall include the name, last known residence address, phone number, email address, and dates of employment.

---

[1] Plaintiff has proffered amended language limiting the proposed notice to individuals who worked 40 or more hours.

**IT IS FURTHER ORDERED** that the proposed notice and consent form [Doc. #44-18] submitted by plaintiffs is approved subject to the changes discussed herein.

**IT IS FURTHER ORDERED** that plaintiffs may send out the approved notice and consent form, and defendant shall be required to conspicuously post the notice in the break rooms at its St. Louis and St. Louis West branch locations until the opt-in period expires.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 30th day of May, 2017.