**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| CHRISTINA MAYBERRY,<br>*Individually and on behalf of others*<br>*Similarly situated,*<br><br>    Plaintiff,<br><br>    vs.<br><br>SSM HEALTH BUSINESSES, d/b/a<br>SSM HOME HEALTH CARE and/or<br>SSM HEALTH AT HOME,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No.  4:15-cv-01680-CDP<br>)<br>)<br>)<br>)<br>)<br>) |

## CLASS ACTION SETTLEMENT AGREEMENT

### TABLE OF CONTENTS

**I.** DEFINITIONS ...................................................................3

**II.** RECITALS ......................................................................9

**III.** SUMMARY OF SETTLEMENT TERMS ......................................11

**IV.** CERTIFICATION OF THE RULE 23 SETTLEMENT CLASS FOR SETTLEMENT PURPOSES ONLY ......................................13

**V.** SETTLEMENT APPROVAL PROCEDURE ...................................13

**VI.** SETTLEMENT PAYMENT, CALCULATION OF CLAIMS, AND INJUNCTIVE RELIEF ...............................................15

**VII.** ALLOCATION AND TAX TREATMENT..................................19

**VIII.** THE CLAIMS ADMINISTRATOR .........................................19

**IX.** NOTICE TO THE SETTLEMENT CLASSES ("NOTICE PROVISION") ........................................................21

**X.** CLAIMS PROCESS ...........................................................22

**XI.** SETTLEMENT PAYMENTS...................................................23

**XII.** RELEASE BY THE SETTLEMENT CLASSES.........................24

EXHIBIT
A

**XIII.** COVENANT NOT TO SUE ..................................................................24

**XIV.** DUTIES OF THE PARTIES BEFORE COURT APPROVAL ..................25

**XV.** DUTIES OF THE PARTIES FOLLOWING PRELIMINARY
      COURT APPROVAL ...............................................................................25

**XVI.** CONTINGENT UPON COURT APPROVAL ...........................................26

**XVII.** EFFECT OF TERMINATION ................................................................28

**XVIII.** PARTIES' AUTHORITY ......................................................................28

**XIX.** MUTUAL FULL COOPERATION ...........................................................29

**XX.** NO ADMISSION OF LIABILITY ............................................................29

**XXI.** ENFORCEMENT OF THE SETTLEMENT AGREEMENT .....................29

**XXII.** NOTICES .............................................................................................30

**XXIII.** CONSTRUCTION AND INTERPRETATION........................................30

**XXIV.** MODIFICATION ..................................................................................31

**XXV.** INTEGRATION CLAUSE .....................................................................31

**XXVI.** MEDIA AND CONFIDENTIALITY OBLIGATIONS.............................31

**XXVII.** RETURN AND DISPOSITION OF DOCUMENTS ..............................32

**XXVIII.** BINDING ON ASSIGNS ...................................................................32

**XXIX.** SIGNATORIES ...................................................................................32

**XXX.** COUNTERPARTS ................................................................................33

**XXXI.** DISPUTES RELATED TO THE SETTLEMENT AGREEMENT ..........33

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement (hereinafter "Settlement Agreement") is made and entered into this 20th day of October 2017, by and between Lead Plaintiff and Class Representative Christina Mayberry ("Lead Plaintiff" and/or "Class Representative"), current Opt-in Plaintiffs Cleo Mayfield, Rhonda McKinnon, and Janice Tainter (collectively the "Current Opt-in Plaintiffs"), on behalf of themselves and all members of the Settlement Classes as defined below, and SSM Health Businesses d/b/a SSM Health at Home ("SSM Health at Home").

### I. DEFINITIONS

1.      "Administrative Fees" refers to the fees arising from SSM Health at Home's administration of the Settlement.

2.      "Attorneys" refers to Class Counsel and Counsel for SSM Health at Home.

3.      "Claimant" means a member of either the FLSA Settlement Class or the State Law Settlement Class who files a timely Claim Form and/or a timely Opt-In Consent Form, and thereby becomes eligible to receive a Settlement Payment.

4.      "Claims Administrator" refers to SSM Health at Home.

5.      "Claim Form" refers to the document in the form of **Exhibit 1** attached hereto.

6.      "Claims Period" refers to the period from August 24, 2014 to the present for the FLSA Settlement Class. "Claims Period" refers to the period from November 9, 2010 to the present for the State Law Settlement Class.

7.      "Class Counsel" refers to Russell C. Riggan and Samuel Moore of the Riggan Law Firm, LLC.

8.      "Class Members" refers to all putative members of each of the Settlement Classes, and, in the singular, refers to any putative member of either Settlement Class, as the context makes apparent.

9.      "Class Notice" refers to the "Notice of Settlement" to be sent to the Class Members in the form of **Exhibit 2** attached hereto.

10.     "Class Representative" means Christina Mayberry.

11.     "Class Representative and Current Opt-in Plaintiff Distribution" refers to the total amount the Class Representative and the Current Opt-in Plaintiffs shall receive from the Gross Settlement Sum in addition to the Enhancement Payment described in Paragraph 14, as and for alleged lost wages and liquidated damages.  Subject to Court approval:

- Class Representative Christina Mayberry shall receive a gross distribution totaling Sixteen Thousand One Hundred and Seventy-Six Dollars and Zero Cents ($16,176.00);

- Current Opt-in Plaintiff Cleo Mayfield shall receive a gross distribution totaling Twelve Thousand Seven Hundred Sixty-Eight Dollars and Zero Cents ($12,768.00);

- Current Opt-in Plaintiff Rhonda McKinnon shall receive a gross distribution totaling Seven Thousand Seven Hundred Seventy-Six Dollars and Zero Cents ($7,776.00); and

- Current Opt-in Plaintiff Janice Tainter shall receive a gross distribution totaling Eleven Thousand Two Hundred Eighty Dollars and Zero Cents ($11,280.00).

The Parties agree that fifty percent (50%) of the above Distribution amounts will be considered liquidated damages.  Accordingly, the Class Representative and Current Opt-in Plaintiffs will be issued IRS Forms 1099 in connection with this portion of this Distribution. The Parties further agree that the remaining fifty percent (50%) of each Class Representative and Current Opt-in

Plaintiff Distribution amount will be considered damages for lost wages and will be reported as such on an IRS Form W-2.

12.     "Court" refers to the United States District Court for Eastern District of Missouri.

13.     "Effective Date" refers to the first date after all of the events and conditions set forth in Paragraph 87 have been met or occurred and the judgment by the Court finally approving this Settlement Agreement is no longer appealable (*i.e.*, the thirty-first day after service of notice of entry of judgment), or if an appeal has been filed, the date on which the appeal is final.

14.     "Enhancement Payment" refers to a Ten Thousand Dollar ($10,000.00) payment to the Class Representative and each Current Opt-in Plaintiff for their services and cooperation in this litigation, subject to Court approval.

15.     "Exclusion Date" is the date by which any member of the State Law Settlement Class who wishes to qualify as a Claimant must file a Claim Form, which date shall be no later than thirty (30) days after the date that Class Notice is mailed.

16.     "FLSA Settlement Class" refers to the FLSA § 216(b) Class Members who worked as non-exempt Licensed Practical Nurses ("LPNs") at SSM Health at Home for one or more weeks during the period of August 24, 2014 to the date of this Agreement, and allegedly have claims under the Fair Labor Standards Act ("FLSA") for alleged off-the-clock work time. The FLSA Settlement Class members and their potential distributions from the Gross Settlement Sum are identified in Paragraph 68.

17.     "Final Approval Hearing" means the hearing contemplated by the Parties, at which the Court will approve, in final, the settlement and make such other final rulings as are contemplated by this Settlement Agreement.

18.    "Final Approval Order" refers to the order of the Court granting final approval of this Settlement Agreement on the terms provided herein or as the same may be modified by subsequent mutual agreement of the Parties.

19.    "Final Judgment" refers to the judgment entered by the Court in conjunction with the Final Approval Order dismissing the Lawsuit with prejudice.  The Parties shall submit an order of Final Judgment setting forth the terms of this Settlement Agreement, by incorporation or otherwise, for execution and entry by the Court at the time of the Final Approval Hearing or at such other time as the Court deems appropriate.

20.    "Final Settlement Class" refers to all Class Members who either timely file an Opt-In Consent Form electing to participate in the FLSA Settlement Class and releasing their FLSA claims against SSM Health at Home, or do not timely opt-out of the State Law Settlement Class, and thereby release their "State Law Claims."

21.    "Gross Settlement Sum" refers to the maximum amount that SSM Health at Home may pay to fully and finally resolve all claims asserted in the Lawsuit and Plaintiffs' First Amended Complaint, as set forth in the Recitals below.

22.    The "Lawsuit" refers to the action filed by Plaintiffs as set forth in the Recitals below.

23.    An "Opt-In" is a member of the FLSA Settlement Class who has timely filed an Opt-In Consent Form as specified in Paragraph 64 herein.

24.    "Opt-In Consent Form" refers to the document in the form of **Exhibit 3** attached hereto.

25.     The "Opt-In Date" is the date by which any member of the FLSA Settlement Class who wishes to participate as a Claimant must file an Opt-In Consent Form, which date shall be no later than thirty (30) days after Class Notice is mailed.

26.     An "Opt-Out" is a member of the State Law Settlement Class who has timely filed a Request for Exclusion as specified in Paragraph 81 herein.

27.     "Opt-In Period" refers to the period beginning with the date Class Notice is first mailed to members of the FLSA Settlement Class and ending thirty (30) days after the first mailing.

28.     "Opt-Out Period" refers to the period beginning with the date Class Notice is first mailed to members of the State Law Settlement Class and ending thirty (30) days after the date of first mailing.

29.     "Parties" refers to the Settlement Classes, the Class Representative, the Current Opt-in Plaintiffs, and SSM Health at Home and, in the singular, refers to any of them, as the context makes apparent.

30.     "Plaintiffs" refers to the Class Representative and the Current Opt-in Plaintiffs.

31.     "Preliminary Approval Order" refers to the order of the Court pursuant to     § 216(b) of the FLSA and Rule 23 of the Federal Rules of Civil Procedure, granting preliminary approval of this Settlement Agreement on the terms provided herein or as the same may be modified by subsequent mutual agreement of the Parties.

32.     "Settlement Agreement" refers to this Class Action Settlement Agreement entered into between the Parties.

33.     "Settlement Classes" means the Class Representative, the Current Opt-in Plaintiffs, and all Class Members of the FLSA Settlement Class and State Law Settlement Class. The Class Members of the FLSA Settlement Class and their potential distributions from the Gross Settlement

Sum, as well as the Class Members of the State Law Settlement Class and their potential distributions from the Gross Settlement Sum are identified in Paragraph 68.

34.     "Settlement Class Members" refers to Claimants who submit Claims Forms and/or Opt-In Consent Forms, and receive a Settlement Payment.

35.     "Settlement Payment(s)" refers to the payment(s) to which a Claimant shall become entitled pursuant to the Settlement Agreement, and as more fully set forth in Paragraph 68 below. The Settlement Payment(s) shall be made pursuant to the distribution totals set forth in Paragraph 68 below.

36.     "SSM Health at Home" refers to SSM Health Businesses d/b/a SSM Health at Home, and all past, present, and future direct and indirect parents, subsidiaries, divisions, predecessors, successors, partners, joint ventures, shareholders, and each of their past, present, and future officers, directors, members, trustees, agents, employees, attorneys, contractors, representatives, and its divisions, units, branches and any other persons or entities acting on SSM Health at Home's behalf.

37.     "SSM Health at Home's Counsel" refers to Amy L. Blaisdell and Molly R. Batsch of Greensfelder, Hemker & Gale, P.C.

38.     "State Law Claims" refers to the Missouri state law claims asserted as Counts II through V of Plaintiffs' First Amended Complaint, to be filed by Plaintiff's Counsel as described herein and attached to the Parties' Joint Motion for Preliminary Settlement Approval as **Exhibit C**, for alleged violation of the Missouri Minimum Wage Law ("MMWL"), breach of contract, *quantum meruit*, and unjust enrichment.

39.     "State Law Settlement Class" refers to all Class Members who worked as non-exempt LPNs at SSM Health at Home during the period of November 9, 2010 to the present, and

allegedly have State Law Claims pertaining to alleged off-the-clock work time.  The State Law Settlement Class members and their potential distributions from the Gross Settlement Sum are identified in Paragraph 68.

## II.    RECITALS

40.    WHEREAS, on or about November 9, 2015, Class Counsel filed a Complaint in the United States District Court for the Eastern District of Missouri against SSM Health at Home on behalf of the Class Representative and those similarly situated.

41.    WHEREAS, Class Counsel intends to file a First Amended Complaint in the United States District Court for the Eastern District of Missouri against SSM Health at Home on behalf of the Class Representative, the Current Opt-in Plaintiffs and the Settlement Classes, a copy of which is attached to the parties' Joint Motion for Preliminary Settlement Approval as **Exhibit C** ("the Lawsuit").  The First Amended Complaint alleges that non-exempt LPNs who worked at SSM Health at Home's St. Louis or St. Louis West branch locations between November 9, 2010 and the present were not compensated for alleged off-the-clock work time, and were not paid certain overtime wages in violation of the Fair Labor Standards Act and Missouri Minimum Wage Law. The First Amended Complaint also alleges claims under Missouri common law for unjust enrichment, quantum meruit, and breach of contract to recover unpaid straight-time wages for alleged off-the-clock work time.  Class Counsel intends to file a First Amended Complaint as described above for the limited purposes of effectuating the Settlement reached by the Parties and described herein.  Class Counsel explicitly reserves the right to withdraw the First Amended Complaint and proceed under the original Complaint, or file a Second Amended Complaint consistent with the original Complaint, should the Court not grant final approval of this Settlement.

42.     WHEREAS, the case was assigned to the Honorable Carol E. Jackson, and SSM Health at Home timely filed an Answer denying all allegations of wrongdoing. The case has since been reassigned to the Honorable Judge Catherine D. Perry.

43.     WHEREAS, on August 24, 2017, the Parties, including Class Representative Christina Mayberry, appeared in person and participated in a mediation with mediator Richard Sher, Esq. During that mediation, the Parties reached an agreement to settle all aspects of the Lawsuit, subject to the Court's preliminary and final approval. As part of that agreement, SSM Health at Home agreed to pay 100% of the cost of mediation, apart from and in addition to the settlement sums described herein.

44.     WHEREAS, it is the Parties' intention that this Settlement Agreement shall constitute a full and complete settlement and release of all claims asserted against SSM Health at Home in the Lawsuit pursuant to the terms described herein.

45.     WHEREAS, the Parties' settlement was the result of intensive arms-length negotiations. The Parties and their respective Attorneys believe that this Settlement Agreement provides a fair and reasonable settlement for Plaintiffs and the members of the Settlement Classes.

46.     WHEREAS, during discovery, Class Counsel interviewed various Class Members, conducted discovery, and reviewed thousands of pages of SSM Health at Home's timekeeping and payroll records and policies pertaining to Class Members. SSM Health at Home also reviewed work records, pay records and time records for Class Members, as well as policies, and conducted a thorough analysis of the potential damages in this matter. The terms of the Settlement Agreement are based on a thorough evaluation of this evidence and the underlying case law, both of which bear on the relative degree of risk faced by each party.

47.     WHEREAS, Class Counsel represents that it has conducted a thorough investigation into the facts of the Lawsuit and has diligently pursued an investigation of the Class Members' claims and potential claims against SSM Health at Home.  Based on its own independent investigation and evaluation, Class Counsel is of the opinion that the settlement with SSM Health at Home is fair, reasonable, and adequate, and is in the best interest of the Class Members and Class Representatives in light of all known facts and circumstances, including the risks of significant delay, defenses asserted by SSM Health at Home, and numerous potential appellate issues.

48.     WHEREAS, SSM Health at Home represents that the Confidentiality Agreement set forth in Section XXVI of this Settlement Agreement is a material part of this Agreement and absent this provision, SSM Health at Home would not have entered into the Settlement.

NOW, THEREFORE, in consideration of the foregoing premises and the mutual promises hereinafter set forth, the Parties agree as follows:

### III.  SUMMARY OF SETTLEMENT TERMS

49.     SSM Health at Home expressly denies any liability or wrongdoing of any kind associated with the claims in the Lawsuit and the First Amended Complaint.  SSM Health at Home submits that it has complied with all applicable laws at all relevant times.  By entering into the Settlement Agreement, SSM Health at Home does not admit any liability or wrongdoing and expressly denies same; it is expressly understood and agreed that the Settlement Agreement is being entered into by SSM Health at Home solely for the purpose of avoiding the costs and disruption of ongoing litigation and to settle the claims asserted in the Lawsuit.  Nothing in the Settlement Agreement, the various settlement proposals exchanged by the Parties, or any motions filed or Orders entered pursuant to the Settlement Agreement are to be construed as or deemed to be an admission by SSM Health at Home of any liability, culpability, negligence, or wrongdoing, and the Settlement Agreement, each of its provisions, its execution, and its implementation, including

any motions filed or Orders entered, shall not in any respect be construed as, offered, or deemed admissible in any arbitration or legal proceeding for any purpose except in an action or proceeding to approve, interpret, or enforce the Settlement Agreement.  Furthermore, neither the Settlement Agreement, any motions filed, the settlement proposals exchanged by the Parties or Orders entered pursuant to the Settlement Agreement, nor any class certification pursuant to the Settlement Agreement shall constitute an admission, finding, or evidence that any requirement for class certification has been satisfied in the Lawsuit or any other action, except for the limited settlement purposes set forth in the terms of the Settlement Agreement.

50.     The Parties agree to stay the Lawsuit, pending the Court's preliminary and final approval of the settlement.

51.     The Parties agree to cooperate and take all steps necessary and appropriate to obtain preliminary and final approval of the terms of the Settlement Agreement, to effectuate all aspects of this Settlement Agreement, and to dismiss the Lawsuit with prejudice upon final approval. Likewise, the Parties agree that the statute of limitations for the FLSA claims of all putative opt-in plaintiffs is tolled during the stay of the Lawsuit.

52.     The Parties agree that they will jointly apply for preliminary Court approval of the settlement on or before October 30, 2017.

53.     The Parties agree that Judge Perry shall have full authority and jurisdiction to preside over the settlement approval process, including but not limited to all aspects of, and motions (including any objections) related to, the preliminary and final settlement approval process.

54.     The Parties agree that SSM Health at Home shall pay not more than a Gross Settlement Sum of Three-Hundred and Fifty Thousand Dollars and Zero Cents ($350,000.00), exclusive of costs of settlement administration and costs of distributing the Class Notice and

Settlement Payments and the costs of mediation, to settle Plaintiffs' individual and class claims in their entirety. Enhancement Payments to the Plaintiffs and attorneys' fees awarded to Class Counsel (addressed in Paragraph 65), and the Plaintiffs' Distributions (addressed in Paragraph 11) shall be paid from the Gross Settlement Sum. The remaining portion of the Gross Settlement Sum ($132,000) shall be distributed as detailed in Paragraph 68. All unclaimed funds shall be retained by SSM Health at Home.

55.     With the exception of costs of settlement administration, costs of distributing the Class Notice and Settlement Payments, and costs of mediation, SSM Health at Home will not be responsible for making any payments to exceed the Gross Settlement Sum.

## IV.  CERTIFICATION OF THE RULE 23 SETTLEMENT CLASS FOR SETTLEMENT PURPOSES ONLY

56.     The Settlement Agreement is contingent upon the approval and certification by the Court of the State Law Settlement Class for settlement purposes only under Rule 23 of the Federal Rules of Civil Procedure. SSM Health at Home does not waive, and instead expressly reserves, its right to challenge the propriety of Rule 23 class certification for any other purpose should the Court not approve the Settlement Agreement. SSM Health at Home further reserves the right to move to decertify the FLSA collective action conditionally certified by the Court, should the Court not approve the Settlement Agreement. Plaintiffs do not waive, and instead expressly reserve, their right to rescind any waiver and release herein and pursue their claims asserted in the Lawsuit should the Court not approve the Settlement Agreement.

## V.  SETTLEMENT APPROVAL PROCEDURE

The Settlement Agreement requires the occurrence of all of the following events in Paragraphs 57-63.

57.     Signature of the Settlement Agreement by the Class Representative, the Current Opt-in Plaintiffs, Class Counsel, and Counsel for SSM Health at Home.

58.     Submission of the Settlement Agreement to the Court for preliminary approval.

59.     Entry of a Preliminary Approval Order by the Court granting preliminary approval of the Settlement Agreement under Rule 23 of the Federal Rules of Civil Procedure and Section 216(b) of the FLSA for settlement purposes only, appointment of Class Counsel, appointment of Class Representatives for the Settlement Classes, and approval of the Claims Administrator.

60.     Court approval of the method of distribution and the form and content of the Claim Form, attached as **Exhibit 1**, and Class Notice, attached as **Exhibit 2**.

61.     Distribution of a Notice by SSM Health at Home to Class Members who are current employees, attached hereto and marked **Exhibit 4**, seven (7) days prior to the dissemination of the Notice and Claim Form and/or Opt-In Consent Form, **Exhibit 3**.

62.     Filing by SSM Health at Home's Counsel, on or before the date of the Final Approval Hearing, the Claims Administrator's declaration, in writing, that the Class Notice to the Class Members has been disseminated in accordance with the Court's order.

63.     The Class Notice to the Class Members will be mailed by first class mail.  If the Class Notice is returned to the Claims Administrator, the Claims Administrator will attempt to locate a current address for the Class Member by consulting public record databases.  If a current address is identified by such databases, the Claims Administrator will mail the Class Notice to the Class Member at the address identified.  There will be no third mailing.   The Claims Administrator shall provide Class Counsel with a list of the individuals for whom the Class Notice to the Class Members was returned to the Claims Administrator after the second mailing.

## VI. SETTLEMENT PAYMENT, CALCULATION OF CLAIMS, AND INJUNCTIVE RELIEF

64.    Payments to the State Law Settlement Class Members shall be made only to those eligible Claimants who do not file a timely opt-out form and who submit a timely and proper Claim Form as determined by the Claims Administrator.   Payments to the FLSA Settlement Class Members shall be made only to those eligible Claimants who submit a timely and proper Opt-In Consent Form. The Claims Administrator shall inform Class Counsel in writing of the total number of timely and proper Claim Forms and Opt-In Consent Forms it has received from eligible Claimants.

65.    If requested by the Court or at Class Counsel's discretion, Class Counsel will submit a Petition to the Court for their attorneys' fees and costs.  SSM Health at Home shall not object to Class Counsel's recovery of attorneys' fees and costs, provided that Class Counsel does not seek an amount exceeding One Hundred and Thirty Thousand Dollars and Zero Cents ($130,000.00).  Attorneys' fees and costs approved by the Court shall be paid within fourteen (14) calendar days of the date on which the judgment by the Court giving final approval to this Settlement Agreement (*i.e.*, finding this Settlement Agreement to be fair and reasonable, and dismissing the Lawsuit with prejudice) is no longer appealable (*i.e.*, the thirty-first day after service of notice of entry of judgment), or if an appeal has been filed, the date on which the appeal is final. In the event the Court awards a lesser amount of fees and costs to Class Counsel, the Settlement Agreement shall remain in full force and effect and be binding upon the Parties.  Class Counsel will provide SSM Health at Home with a W-9 Form, and will be issued an IRS Form 1099 for their award of attorneys' fees.

66.    Subject to preliminary and final Court approval, in addition to the Class Representative Distribution they receive pursuant to Paragraph 11 above, the Class Representative

and Current Opt-in Plaintiffs shall receive from the Gross Settlement Sum the Enhancement Payment. The Class Representative and Current Opt-in Plaintiffs will be issued IRS Forms 1099 for the Enhancement Payment. The Class Representative and Current Opt-in Plaintiffs shall be required to execute a full and complete release of any and all claims against SSM Health at Home which were asserted in the Lawsuit.

67.     SSM Health at Home shall pay all fees and costs associated with administration of the Settlement.

68.     The Gross Settlement Sum will be reduced by the attorney's fees and costs for Class Counsel as detailed above, by the Enhancement Payments as detailed above, and by the Class Representative and Current Opt-in Plaintiff Distributions as detailed above, leaving a maximum net distributable fund of One Hundred Thirty-Two Thousand Dollars and Zero Cents ($132,000.00) for potential distribution to Class Members. Eighty-Eight Thousand Dollars ($88,000.00) or two-thirds of the maximum net distributable fund will be distributed to the FLSA Settlement Class on a claims-made basis in the total amounts set forth below, with any unclaimed funds being retained by SSM Health at Home. Forty-Four Thousand Dollars ($44,000.00) or one-third of the maximum net distributable fund will be distributed to the State Law Settlement Class on a claims-made basis in the total amounts set forth below, with any unclaimed funds being retained by SSM Health at Home. Class Counsel and Counsel for SSM Health at Home represent that the distribution amounts detailed below are fair and reasonable, take into account the time period that the Class Member worked for SSM Health at Home during the applicable Class Periods, the Class Member's wage rate and position, the Class Member's employment records, and the estimated potential amount off-the-clock work the Class Member may have performed while in the applicable Class Periods.

## FLSA Settlement Class:

| FLSA Class Member | Potential Distribution from FLSA Class |
|---|---|
| Anderson, Alisha N | $166.33 |
| Batten, Antoinnette M | $1,357.68 |
| Cullifer, Lori Ann | $1,129.82 |
| Hazer, Pamela K. | $8,160.22 |
| Hermanson, Crystal Gayle | $4,292.61 |
| Jones, Jennifer L | $3,768.43 |
| Klinkerfuss, Kendra Lynn | $251.47 |
| Lay, Adria Camille | $5,440.15 |
| Marshall, Valencia Danita | $7,480.20 |
| McIntyre, Melissa Denae | $7,480.20 |
| Mediconi, Sheena | $3,454.04 |
| Phillips, Sandra K | $7,480.20 |
| Rich, Ivy | $609.18 |
| Rockwell, Laura Rachel | $1,147.53 |
| Rufener, Elya D | $2,252.56 |
| Simpson, Joyce M | $7,820.21 |
| Smith, Jennifer | $1,888.94 |
| Steiert, Jennifer Lynn | $722.52 |
| Stephens, Stephanie L. | $7,820.21 |
| Taylor, Melva | $3,992.75 |
| Tilton, William Douglas | $850.02 |
| Vines, Kennith Robert | $6,120.16 |
| Walter, Christopher R | $988.86 |
| Ward, Krishele Heather | $1,572.54 |
| Wicks, Cheryl L | $1,753.17 |

## State Law Settlement Class:

| State Law Class Member | Potential Distribution from State Law Class |
|---|---|
| Anderson, Alisha N | $37.96 |
| Batten, Antoinnette M | $309.93 |
| Bliss, Lori Davidson | $1,681.68 |
| Brown, Belinda R | $698.55 |
| Cervenka, Laura | $698.55 |
| Cullifer, Lori Ann | $257.91 |
| Frazier, Rosemarie | $1,908.07 |
| Hazer, Pamela K. | $4,239.78 |
| Hermanson, Crystal Gayle | $979.91 |
| Jones, Jennifer L | $860.24 |

| | |
|---|---|
| Klinkerfuss, Kendra Lynn | $1,273.65 |
| Lay, Adria Camille | $1,241.86 |
| Loehrer, Karen L | $1,367.99 |
| Marshall, Valencia Danita | $1,958.19 |
| McIntyre, Melissa Denae | $1,707.56 |
| Mediconi, Sheena | $1,949.03 |
| Metts-Cannon, Veltra V | $260.34 |
| Murphy, Diara L | $17.52 |
| Murphy, Donna L | $9.16 |
| Nickle, James D. | $1,196.39 |
| Phillips, Sandra K | $2,467.55 |
| Pilarski, Tonya | $277.90 |
| Rich, Ivy | $139.06 |
| Rockwell, Laura Rachel | $261.95 |
| Rufener, Elya D | $514.21 |
| Simpson, Joyce M | $2,626.02 |
| Smith, Jennifer | $2,437.37 |
| Spitzer, Stacey | $741.67 |
| Steiert, Jennifer Lynn | $194.04 |
| Stephens, Stephanie L. | $4,055.45 |
| Taylor, Melva | $2,939.18 |
| Taylor, Robyn R | $659.74 |
| Tilton, William Douglas | $194.04 |
| Triplett, Misty | $527.11 |
| Vines, Kennith Robert | $2,483.18 |
| Walter, Christopher R | $225.73 |
| Ward, Krishele Heather | $358.98 |
| Wicks, Cheryl L | $242.55 |

69.     In the event that, within the Opt-Out and Opt-In Periods, an individual identifies himself or herself as a Class Member, but was inadvertently not included in the lists above, the individual's information shall be provided to the Claims Administrator.  If there is a dispute as to whether the individual is a Class Member, then the dispute shall be referred to Judge Perry, who shall have final authority to determine whether the individual is a proper Class Member.  If the individual is a proper Class Member, the Claims Administrator shall confer with Class Counsel and attempt to reach an agreement on the individual's share of the Gross Settlement Sum.  If the

parties cannot reach an agreement on the individual's share, the dispute shall be referred to Judge Perry, who shall have final authority to determine the individual's share.

70.     During the Opt-Out and Opt-In Periods, upon presentation of letters of administration with respect to an estate of a deceased, disabled or incompetent Settlement Class Member or other sufficient evidence of personal representation, the Claims Administrator shall treat the estate administrator as the Settlement Class Member.

71.     If the total payments distributed to eligible Claimants, the Plaintiffs, and Class Counsel are less than the Gross Settlement Sum, then the remainder of the Gross Settlement Sum shall be retained by SSM Health at Home.

## VII.  ALLOCATION AND TAX TREATMENT

72.     The Parties agree that One-Hundred percent (100%) of the amount distributed to each Settlement Class Member in the FLSA Settlement Class, other than the Class Representative and Current Opt-in Plaintiffs, will be considered damages for lost wages and will be reported as such on an IRS Form W-2, and all withholdings required by law will be made.

73.     The Parties further agree that One-Hundred percent (100%) of the amount distributed to each Settlement Class Member in the State Law Settlement Class, other than the Class Representative and Current Opt-in Plaintiffs, will be considered damages for lost wages and will be reported as such on an IRS Form W-2, and all withholdings required by law will be made.

## VIII.  THE CLAIMS ADMINISTRATOR

74.     The Claims Administrator shall be responsible for:

     (a)     printing and disseminating the Class Notice, Consent and Claim Forms by one first class mailing to members of the Settlement Classes and a second class mailing to members of the Settlement Classes whose forms are returned to the Claims Administrator.  Under no circumstances may the

Claims Administrator issue a third mailing, absent a Claim Form deficiency as contemplated by Paragraph 84;

(b)    promptly furnishing to Class Counsel copies of any requests for exclusion, inclusion, or objections from members of the Settlement Classes which the Claims Administrator receives;

(c)    receiving and reviewing the Claim Forms submitted by members of the Settlement Classes to determine eligibility for payment;

(d)    determining the Settlement Payment for each Claimant in accordance with this Settlement Agreement;

(e)    keeping track of requests for exclusion and inclusion;

(f)    mailing the settlement checks to eligible Claimants;

(g)    attempting to ascertain current address and addressee information for each Class Notice and Claim Form returned as undeliverable and the mailing of Class Notice and Claim Form to the current address;

(h)    performing all tax reporting duties required of SSM Health at Home by federal, state or local law;

(i)    referring to Class Counsel all inquiries by members of the Settlement Classes regarding the procedures for filing objections, opt-in and opt-out forms and Claim Forms ;

(j)    responding to inquiries of Class Counsel regarding members of the Settlement Classes who have contacted Class Counsel regarding the terms of settlement, including the Settlement Payment allocated to members of the relevant class;

(k)     resolving Claim Form deficiencies as described below;

(l)     maintaining accurate and adequate records of its activities, including the dates of the mailing of Class Notice(s) and mailing and receipt of Claim Form(s) returned mail and other communications and attempted written or electronic communications with the Settlement Class;

(m)     confirming in writing the substance of its activities and its completion of the administration of the settlement;

(n)     timely responding to communications from Class Counsel; and

(o)     under no circumstances shall the Claims Administrator alter the content or substantively alter the format of the Class Notice and the Claim Form.

75.     After receiving notice of the completion of the administration of the settlement (referenced in Paragraph 74), Class Counsel shall review the same to determine if the calculation of payments to Claimants is consistent with this Settlement Agreement.

76.     All disputes relating to the Claims Administrator's ability and need to perform its duties shall be referred to Judge Perry, if necessary, who will have continuing jurisdiction over the terms and conditions of this Settlement Agreement, until all payments and obligations contemplated by the Settlement Agreement have been fully carried out.

**IX. NOTICE TO THE SETTLEMENT CLASSES ("NOTICE PROVISION")**

77.     A Class Notice in the form attached as **Exhibit 2** and approved by the Court, shall be sent by the Claims Administrator to Class Members within fifteen (15) calendar days after an Order granting preliminary approval of this Settlement Agreement and Notice has been entered. Attached to the Class Notice will be a Claim Form and/or an Opt-In Consent Form and instructions, as applicable in the form attached as **Exhibit 1** and **Exhibit 3** respectively.

78.     SSM Health at Home shall provide the Court, no more than seven (7) calendar days after mailing the Class Notice, a declaration by the Claims Administrator of due diligence and proof of mailing with regard to the mailing of the Class Notice.

## X. CLAIMS PROCESS

79.     Each Claim Form and Opt-In Consent Form will identify the dates during the applicable Claims Period that a Claimant worked as a non-exempt LPN, as evidenced by SSM Health at Home's records.

80.     Absent a showing of good cause, no Claim Form or Opt-In Consent Form will be honored if postmarked more than thirty (30) calendar days after the date first mailed to the Class Member.

81.     Class Members of the State Law Settlement Class may opt-out of the State Law Settlement Class by mailing to the Claims Administrator a written statement expressing their desire to be excluded from the State Law Settlement Class, including their name (and former names, if any), current address, telephone number, Social Security number, and the dates of their employment with SSM Health at Home ("Request for Exclusion" attached hereto as **Exhibit 5**). Any Request for Exclusion must be postmarked not more than thirty (30) calendar days after the date Class Notice and Claim Forms are first mailed to the Class Members.  Requests for Exclusion that do not include all required information, or that are not submitted on a timely basis, will be deemed null, void and ineffective.  Persons who are eligible to and do submit valid and timely Requests for Exclusion will not participate in the class and will not be bound by the terms of the Settlement Agreement, if it is approved, or the Final Judgment in this Lawsuit.

82.     Putative members of the FLSA Settlement Class may opt-in to the FLSA Settlement Class by mailing to the Claims Administrator the approved Opt-In Consent Form containing their

signature in the applicable section that expresses their desire to participate in the applicable FLSA Settlement Class.

83.     The Parties agree that the value of any settlement share otherwise due to any Class Member who opts-out of the State Law Class Settlement and/or who fails to opt-in to the FLSA Class Settlement, will be forfeited by the Class Member and retained by SSM Health at Home.

84.     In the event a Claim Form or Opt-In Consent Form is submitted timely but is deficient in one or more aspects, the Claims Administrator shall return the Claim Form or Opt-In Consent Form to the Claimant with a letter stating the deficiencies and that the Claimant will have ten (10) calendar days from the date the deficiency notice is mailed to the Claimant, or until the end of the applicable Claim Period, whichever is longer, to correct the deficiencies and resubmit the Claim Form or Opt-In Consent Form.  The envelope containing the resubmitted Claim Form or Opt-In Consent Form must be postmarked within ten (10) calendar days of the date the deficiency notice is mailed to the Claimant or before the end of the Claim Period, whichever is longer, to be considered timely.

## XI. SETTLEMENT PAYMENTS

85.     Settlement Class Members will have sixty (60) calendar days after mailing by the Claims Administrator to cash their Settlement Payments.  If any such individuals do not cash their Settlement Payment checks within that sixty (60) day period, their Settlement Payment checks will be void and a stop-pay will be placed on the checks.  In such event, those individuals will be deemed to have irrevocably waived any right in or claim to a settlement share, but the Settlement Agreement nevertheless will be binding upon them.  Any settlement funds those individuals could have claimed and did not claim shall be retained by SSM Health at Home.

## XII.  RELEASE BY THE SETTLEMENT CLASSES

86.    Upon the Effective Date of the Settlement Agreement, and except as to such rights or claims as may be created by the Settlement Agreement, all members of the Settlement Classes, including those who do not opt-out of the settlement and those who consent to opt-in and resolve their FLSA claims, fully release and discharge SSM Health at Home from any and all claims, debts, liabilities, demands, obligations, penalties, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, that were alleged in the Lawsuit, including claims under the Missouri Minimum Wage Law ("MMWL"), the Fair Labor Standards Act ("FLSA"), and Missouri common law for allegedly failing to properly provide compensation for alleged off-the-clock work time.

87.    Occurrence of the "Effective Date" refers to the date on which the judgment by the Court finally approving this Settlement Agreement (finding this Settlement Agreement to be a fair and reasonable settlement under Rule 23(e) of the Federal Rules of Civil Procedure and FLSA Section 216(b), and dismissing with prejudice the Lawsuit) is no longer appealable (*i.e.*, the thirty-first day after service of notice of entry of judgment), or if an appeal has been filed, the date on which the appeal is final.

## XIII.  COVENANT NOT TO SUE

88.    Except as to such rights or claims as may be created by the Settlement Agreement, and to the fullest extent permitted by law, Settlement Class Members agree not to sue SSM Health at Home for any claims covered by the release in this Settlement Agreement.  If the Class Representative or any Current Opt-in Plaintiff sues in violation of this Settlement Agreement, she shall pay all attorneys' fees, costs and expenses incurred by SSM Health at Home in defending against a suit or enforcing this Settlement Agreement, and SSM Health at Home shall not be

obligated to continue payment to them of any remaining payments under this Settlement Agreement.

## XIV. DUTIES OF THE PARTIES BEFORE COURT APPROVAL

89. The Parties shall promptly submit this Settlement Agreement to the U.S. District Court for the Eastern District of Missouri, Eastern Division in support of the Parties' Joint Motion for Preliminary Approval for determination by Judge Perry as to its fairness, adequacy, and reasonableness and apply for the entry of a preliminary order substantially in the following form:

(a)  Scheduling a fairness hearing on the question of whether the proposed settlement should be finally approved as fair, reasonable and adequate as to the members of the Settlement Class;

(b)  Approving as to form and content of the proposed Notice;

(c)  Approving as to form and content the proposed Claim Form and instructions;

(d)  Approving as to form and consent the proposed Opt-In Consent form and instructions;

(e)  Directing the mailing of the Class Notice, Claim Form and/or Opt-In Consent Form and instructions by first class mail to Class Members;

(f)  Preliminarily approving the settlement; and

(g)  Preliminarily certifying the Fed. R. Civ. P. 23 class for purposes of settlement.

## XV. DUTIES OF THE PARTIES FOLLOWING PRELIMINARY COURT APPROVAL

90. Following preliminary approval by the Court of this Settlement Agreement, Class Counsel will submit a proposed final order and judgment:

(a)  Approving the Settlement Agreement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

(b)  Certifying the Rule 23 State Law Class for purposes of settlement hereunder only;

(c)     Amending the Complaint to limit the scope of Plaintiffs' Claims to all current and

former non-exempt LPNs who worked at SSM Health at Home's St. Louis or St.

Louis West branch locations at any time during the applicable class periods defined

above, and dismissing the Lawsuit on the merits and with prejudice so to

permanently bar all Class Members from prosecuting against SSM Health at Home

for all claims released in this Settlement Agreement;

(d)     Providing that the promises, agreements, obligations, undertakings,

representations, certifications, and warranties set out herein shall survive the

closing of this Settlement Agreement, the releases contained herein, and the

judgment of dismissal to be entered in the Lawsuit.

## XVI. CONTINGENT UPON COURT APPROVAL

91.     If the Court does not approve any material condition of this Settlement Agreement

that effects a fundamental change to the terms of this settlement hereunder, the entire Settlement

Agreement will be voidable and unenforceable.  A material condition or fundamental change of

this Settlement Agreement shall include, but not be limited to, SSM Health at Home having to pay

any amount in excess of the Gross Settlement Sum ($350,000), exclusive of notice and

administration costs.  However, the Parties agree that the Court's rejection of SSM Health at

Home's efforts to file this Settlement Agreement under seal will not render the Settlement

Agreement void or unenforceable and in that event, the remaining terms of this Settlement

Agreement shall remain in full force and effect.

92.     This Settlement Agreement is contingent upon the approval and certification by the

Court of the Settlement Class for settlement purposes only; SSM Health at Home does not waive,

and instead expressly reserves its right to challenge the propriety of class certification on any

ground and for any purpose as if this Settlement Agreement had not been entered into by the Parties should the Court not approve this Settlement Agreement.

93.     The Parties agree not to encourage any Class Member or group of Class Members to participate in or not participate in the settlement.

94.     The Parties agree that, in the event the Court does not grant preliminary or final approval of the Settlement Agreement, or if SSM Health at Home lawfully exercises its option to terminate the Settlement Agreement, SSM Health at Home's agreement to this settlement in principle will not preclude it from contesting and opposing any past or future motion of Plaintiffs for class certification under Rule 23 of the Federal Rules of Civil Procedure or collective certification under Section 216(b) of the FLSA, on any basis or under any other procedure through which certification may be sought.  Furthermore, the Parties agree that, in the event the Court does not grant preliminary or final approval to the Settlement Agreement, or if SSM Health at Home lawfully exercises its option to terminate the Settlement Agreement, Plaintiffs' agreement to this settlement will not preclude Plaintiffs from seeking class certification under Rule 23 of the Federal Rule of Civil Procedure or from pursuing their claims as asserted in this Lawsuit.

95.     If the Settlement Agreement is not approved by the Court:

a.      The Settlement Agreement shall be terminated and shall have no force or effect, and no Party shall be bound by any of its terms.

b.      The Preliminary Approval Order, Final Approval Order and judgment, including any order of class certification related to and/or dependent upon the Settlement Agreement, shall be vacated.

c.      The Settlement Agreement and all negotiations, statements and proceedings relating thereto shall be without prejudice to the rights of any of the Parties,

all of whom shall be restored to their respective positions in the Lawsuit prior to the settlement.

d.    Neither this Settlement Agreement, nor any ancillary documents, actions, statements or filings in furtherance of settlement (including all matters associated with the mediation) shall be admissible or offered into evidence in the Lawsuit or any other action for any purpose whatsoever.

## XVII.  EFFECT OF TERMINATION

If the Settlement Agreement is terminated:

96.    The Settlement Agreement shall be terminated and shall have no force or effect, and no Party shall be bound by any of its terms.

97.    The Preliminary Approval Order, Final Approval Order and judgment, including any order of class certification, shall be vacated.

98.    The Settlement Agreement and all negotiations, statements and proceedings relating thereto shall be without prejudice to the rights of any of the Parties, all of whom shall be restored to their respective positions in the Lawsuit prior to the settlement.

99.    Neither this Settlement Agreement, nor any ancillary documents, actions, statements or filings in furtherance of settlement (including all matters associated with the mediation) shall be admissible or offered into evidence in the Lawsuit or any other action for any purpose whatsoever.

100.   Any waiver or release shall not be binding upon Plaintiffs and Plaintiffs shall be entitled to prosecute their claims asserted in the Lawsuit fully.

## XVIII. PARTIES' AUTHORITY

101.   The signatories represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties to its terms and conditions.

## XIX.  MUTUAL FULL COOPERATION

102.    The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents and as may reasonably be necessary to implement the terms of this Settlement Agreement.  The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement.  As soon as practicable after execution of this Settlement Agreement, Class Counsel shall, with the assistance and cooperation of SSM Health at Home's and their Counsel, take all necessary steps to secure the Court's final approval of this Settlement Agreement.

## XX.  NO ADMISSION OF LIABILITY

103.    Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed as or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of SSM Health at Home.  Each of the Parties has entered into this Settlement Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience, risk and expense.  This Settlement Agreement is a settlement document and shall be inadmissible in evidence in any proceeding.  The preceding sentence shall not apply to an action or proceeding to approve, interpret, or enforce this Settlement Agreement.

## XXI.  ENFORCEMENT OF THE SETTLEMENT AGREEMENT

104.    In the event that one or more of the Parties to this Settlement Agreement institutes any legal action, arbitration, or other proceeding against any other Party or Parties to enforce the provisions of this Settlement Agreement or to declare rights and/or obligations under this Settlement Agreement, the successful Party or Parties shall be entitled to recover from the

unsuccessful Party or Parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

## XXII. NOTICES

105.    Unless otherwise specifically provided, all notices, demands or other communications in connection with this Settlement Agreement shall be: (1) in writing; (2) deemed received on the third business day after mailing; and (3) sent by United States registered or certified mail, return receipt requested, addressed as follows:

> <u>To Plaintiffs or the Class Members</u>:
>
> > RIGGAN LAW FIRM, LLC
> >
> > 132 W. Washington Ave., Suite 100
> >
> > Kirkwood, Missouri  63122
>
> <u>To SSM Health at Home</u>:
>
> > GREENSFELDER, HEMKER & GALE, P.C.
> >
> > 10 S. Broadway, 20th Floor
> >
> > St. Louis, MO 63102

## XXIII. CONSTRUCTION AND INTERPRETATION

106.    The Parties agree that the terms and conditions of this Settlement Agreement are the result of intensive, arms-length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor of or against any of the Parties by reason of their participation in the drafting of this Settlement Agreement.

107.    Paragraph titles and headings are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any of its provisions.  Each term of this Settlement Agreement is contractual and not merely a recital.

108.    This Settlement Agreement shall be subject to and governed by the laws of the State of Missouri and subject to the continuing jurisdiction of Judge Perry.

## XXIV.  MODIFICATION

109.    This Settlement Agreement may not be changed, altered, or modified, except in writing and signed by Counsel for the Parties, and approved by the Court.  This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by Counsel for the Parties.

## XXV.  INTEGRATION CLAUSE

110.    This Settlement Agreement contains the entire agreement between the Parties relating to any and all matters addressed in the Settlement Agreement (including settlement of the Lawsuit), and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal Counsel, with respect to such matters are extinguished.  No rights hereunder may be waived or modified except in a writing signed by all Parties.

## XXVI.  MEDIA AND CONFIDENTIALITY OBLIGATIONS

111.    Plaintiffs and Class Counsel agree that they will not issue a press release or make any oral or written statements to the public or the media regarding the settlement or the Settlement Agreement.  Plaintiffs, Class Counsel, and SSM Health at Home agree to keep all terms of the settlement confidential prior to moving for preliminary approval of the settlement.  In addition, Plaintiffs and Class Counsel shall not disclose the terms of the settlement to third parties, except as is necessary to comply with notice requirements and to effect the terms of the settlement; provided that nothing herein shall prohibit Plaintiffs or Class Counsel from disclosing information to their counsel, tax advisor, or spouse as is necessary for complying with tax or other legal requirements.  Further, nothing herein shall prevent any party hereto from complying with or

responding to a valid subpoena.   Plaintiffs and Class Counsel shall publish no information regarding the settlement on any website, blog, social media, or other public forum.  In future class actions, Class Counsel may disclose to the Court that they acted as counsel, that they were appointed by the Court as class counsel, and that the case was settled and approved by the Court. The Parties further agree that neither the Attorneys nor the Parties shall make any defamatory or disparaging statements about any of the Parties.

112.    Class Counsel agrees that it will not object to a motion by SSM Health at Home to file all settlement materials with the Court under seal.  The Court's granting of such a motion is not a condition of settlement.

## XXVII.  RETURN AND DISPOSITION OF DOCUMENTS

113.    The Parties agree that they will continue to comply with all terms of the Agreed Protective Order entered in the above-referenced case, including those terms requiring the return and destruction of documents at the conclusion of the case, and limiting the use of information to the case in which it was produced, except that Class Counsel shall be allowed to keep one copy of all documents subject to the Protective Order in order to comply with the Missouri Rules of Professional Conduct.  In no way should the filing of the Settlement Agreement under seal operate to prevent class members from obtaining any information about the settlement.

## XXVIII.  BINDING ON ASSIGNS

114.    This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## XXIX.  SIGNATORIES

115.    It is agreed that it is impossible or impractical to have each Class Member sign this Settlement Agreement.  The Notice will advise all Class Members of the binding nature of the

release and such shall have the same force and effect as if each Class Member signed this Settlement Agreement.

### XXX. COUNTERPARTS

116.    This Settlement Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties.

### XXXI. DISPUTES RELATED TO THE SETTLEMENT AGREEMENT

117.    Any disputes related to the interpretation of the terms of this Settlement Agreement that arise prior to entry of Final Judgment shall be referred to the Court.

IN WITNESS WHEREOF, the undersigned have duly signed this Agreement as of the date indicated below:

**CLASS COUNSEL**                            **SSM HEALTH AT HOME**

_____                      _____

RIGGAN LAW FIRM, LLC                         Carol Davidson
132 W. Washington Ave., Suite 100            Assistant General Counsel – Employment
Kirkwood, MO 63122                           SSM Health at Home

_____
CHRISTINA MAYBERRY

_____
CLEO MAYFIELD

_____
RHONDA MCKINNON

_____
JANICE TAINTER

1680621

33

release and such shall have the same force and effect as if each Class Member signed this Settlement Agreement.

## XXX. COUNTERPARTS

116.    This Settlement Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties.

## XXXI. DISPUTES RELATED TO THE SETTLEMENT AGREEMENT

117.    Any disputes related to the interpretation of the terms of this Settlement Agreement that arise prior to entry of Final Judgment shall be referred to the Court.

IN WITNESS WHEREOF, the undersigned have duly signed this Agreement as of the date indicated below:

**CLASS COUNSEL**                          **SSM HEALTH AT HOME**

_____        _____
RIGGAN LAW FIRM, LLC                    Carol Davidson
132 W. Washington Ave., Suite 100        Assistant General Counsel – Employment
Kirkwood, MO 63122                           SSM Health at Home

_____
CHRISTINA MAYBERRY

CLEO MAYFIELD

_____
RHONDA MCKINNON

_____
JANICE TAINTER

1680621

33

release and such shall have the same force and effect as if each Class Member signed this Settlement Agreement.

### XXX. COUNTERPARTS

116.    This Settlement Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties.

### XXXI. DISPUTES RELATED TO THE SETTLEMENT AGREEMENT

117.    Any disputes related to the interpretation of the terms of this Settlement Agreement that arise prior to entry of Final Judgment shall be referred to the Court.

IN WITNESS WHEREOF, the undersigned have duly signed this Agreement as of the date indicated below:

**CLASS COUNSEL**                                    **SSM HEALTH AT HOME**

_____               _____

RIGGAN LAW FIRM, LLC                          Carol Davidson
132 W. Washington Ave., Suite 100          Assistant General Counsel – Employment
Kirkwood, MO 63122                                SSM Health at Home

_____

CHRISTINA MAYBERRY

_____

CLEO MAYFIELD

_Rhonda McKinnon_

RHONDA MCKINNON

_____

JANICE TAINTER

1680621

33

release and such shall have the same force and effect as if each Class Member signed this Settlement Agreement.

### XXX. COUNTERPARTS

116.    This Settlement Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties.

### XXXI. DISPUTES RELATED TO THE SETTLEMENT AGREEMENT

117.    Any disputes related to the interpretation of the terms of this Settlement Agreement that arise prior to entry of Final Judgment shall be referred to the Court.

IN WITNESS WHEREOF, the undersigned have duly signed this Agreement as of the date indicated below:

**CLASS COUNSEL**                              **SSM HEALTH AT HOME**

RIGGAN LAW FIRM, LLC                    Carol Davidson
132 W. Washington Ave., Suite 100       Assistant General Counsel – Employment
Kirkwood, MO 63122                      SSM Health at Home


CHRISTINA MAYBERRY


CLEO MAYFIELD


RHONDA MCKINNON

JANICE TAINTER

1680621

33

release and such shall have the same force and effect as if each Class Member signed this Settlement Agreement.

## XXX. COUNTERPARTS

116.   This Settlement Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties.

## XXXI. DISPUTES RELATED TO THE SETTLEMENT AGREEMENT

117.   Any disputes related to the interpretation of the terms of this Settlement Agreement that arise prior to entry of Final Judgment shall be referred to the Court.

IN WITNESS WHEREOF, the undersigned have duly signed this Agreement as of the date indicated below:

**CLASS COUNSEL**

RIGGAN LAW FIRM, LLC
132 W. Washington Ave., Suite 100
Kirkwood, MO 63122

**SSM HEALTH AT HOME**

Carol Davidson
Assistant General Counsel – Employment
SSM Health at Home

CHRISTINA MAYBERRY

CLEO MAYFIELD

RHONDA MCKINNON

JANICE TAINTER

1680621

33

**Exhibit 1**

# CLAIM FORM

Christina Mayberry, individually and on behalf
of others similarly situated v. SSM Health Businesses d/b/a SSM Health at Home,
Case No. 4:15-cv-01680-CDP
U. S. District Court for the Eastern District of Missouri

## I.     INSTRUCTIONS

IF YOU WORKED AT SSM HEALTH AT HOME'S ST. LOUIS AND/OR ST. LOUIS WEST BRANCH LOCATION AS A NON-EXEMPT LICENSED PRACTICAL NURSE ("LPN") AT ANY TIME FROM NOVEMBER 9, 2010 TO THE PRESENT, YOU MUST COMPLETE AND RETURN THIS CLAIM FORM BY MAIL TO THE CLAIMS ADMINISTRATOR AT THE ADDRESS LISTED BELOW ON OR BEFORE _____ IN ORDER TO RECEIVE A SETTLEMENT PAYMENT.

Your completed Claim Form must be postmarked on or before _____ or you will not receive a payment.  The address of the Claims Administrator is:

SSM HEALTH AT HOME
c/o GREENSFELDER, HEMKER, & GALE, P.C.
10 S. BROADWAY, SUITE 2000
ST. LOUIS, MISSOURI 63102

## II.     PLEASE PROVIDE THE FOLLOWING INFORMATION

Name (first, middle and
last):_____

Home Street Address:

_____

City, State, Zip Code:

_____

Home Telephone Number: (_____) _____ Social Security Number:  XX-XX-__ __ __ __.

## III.     YOUR WORK HISTORY AT SSM HEALTH AT HOME

According to SSM Health at Home's payroll records, you worked as a non-exempt LPN at SSM Health at Home's St. Louis and/or St. Louis West branch locations for one or more work-weeks during the time period from November 9, 2010 to the present.

1681212

**Exhibit 1**

## IV.    <u>RELEASE OF CLAIMS</u>

Upon the effective date of the Settlement, I, on behalf of myself and each of my heirs, representatives, successors, assigns, and attorneys, shall be deemed to have fully and finally released and discharged SSM Health at Home from any and all claims, debts, liabilities, demands, obligations, penalties, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind, whether known or unknown, that were alleged in the Lawsuit, including claims under the Missouri Minimum Wage Law ("MMWL"), the Fair Labor Standards Act ("FLSA"), and Missouri common law for allegedly failing to provide compensation for all hours allegedly worked off-the-clock.  I understand that I shall also be bound by all terms of the Class Action Settlement and the final order approved and entered regarding this Settlement by the Court.

## V.    <u>PLEASE SIGN BELOW</u>

I declare under penalty of perjury under the laws of the United States and the laws of the State of Missouri that the foregoing is true and correct.  I have read and understand the Notice of Collective and Class Action Settlement and agree to abide by the terms of the Notice, this Claim Form and the Class Action Settlement on file with the Court.


Dated: _____          _____
                                                                   (Signature)


_____
(Print Name)


If you have any questions about completing this Claim Form, please contact the Claims Administrator at (314) _____**.**

1681212

# NOTICE OF COLLECTIVE AND CLASS ACTION SETTLEMENT

**If you worked as a non-exempt licensed practical nurse ("LPN") at SSM Health at Home's St. Louis or St. Louis West branch office locations at any time from November 9, 2010 to the present, a collective and class action settlement may affect your rights.**

A settlement has been proposed in a collective and class action lawsuit against SSM Health Businesses d/b/a SSM Health at Home ("SSM Health at Home"), styled *Christina Mayberry et al. v. SSM Health Businesses d/b/a SSM Health at Home, Case No. 4:15-cv-01680-CDP*, alleging a failure to pay for certain hours allegedly worked off-the-clock by persons who worked as non-exempt LPNs at SSM Health at Home's St. Louis and/or St. Louis West branch locations.  The lawsuit asserts claims under federal and state law.  You are receiving this Notice because SSM Health at Home's records reflect that you are a potential Class Member.  SSM Health at Home has agreed to pay up to $350,000.00 to settle this action.  You may: (i) send in the attached Claim Form and not send in the Request for Exclusion to get a share of the state law settlement, if eligible; (ii) send in the attached Opt-In Consent Form to get a share of the federal law settlement, if eligible; (iii) exclude yourself from either settlement and not receive a share; or (iv) object to the settlement.  The United States District Court for the Eastern District of Missouri has authorized this Notice.  Before any money is paid, the Court will have a hearing to decide whether to approve the settlement.

### Who Is Included in the Settlement?

The federal law collective action settlement ("federal law settlement") includes SSM Health at Home employees who worked as hourly LPNs at SSM Health at Home's St. Louis and/or St. Louis West branch locations between August 24, 2014 and the present.  The state law class action settlement ("state law settlement") includes SSM Health at Home employees who worked as hourly LPNs at SSM Health at Home's St. Louis and/or St. Louis West branch locations between November 9, 2010 and the present.

### What Is this Lawsuit About?

The Plaintiffs claim that SSM Health at Home did not correctly pay hourly LPNs at its St. Louis and St. Louis West branch locations who worked overtime hours (more than 40 hours in any given week) for all overtime worked in one or more work-weeks between August 24, 2014 and the present because class members allegedly performed some degree of off-the-clock work.  The lawsuit also claims that SSM Health at Home did not pay hourly LPNs all regular pay in one or more work-weeks between November 9, 2010 and the present because class members allegedly performed some degree of off-the-clock work.  SSM Health at Home denies that it did anything improper, and maintains that it properly paid non-exempt LPNs for all time worked. The Court did not decide which side was right.  Both sides agreed to the settlement to resolve the case.

### What does the Settlement Provide?

SSM Health at Home has agreed to pay up to $350,000.00 to settle this case, and to also pay for the costs associated with providing notice to the potential class members and administering the settlement.  Up to $88,000.00 of the total settlement amount may be distributed to persons who are eligible to participate in the federal law settlement who submit the attached Opt-In Consent Form no

later than _____.  In addition, up to $44,000.00 may be distributed to persons who are eligible to participate in the state law settlement, do not submit the attached Request for Exclusion Form, and submit the attached Claim Form no later than _____.

**To receive a payment from the federal law settlement, you must mail the enclosed Opt-In Consent Form no later than _____ to the address identified on the self-addressed, stamped envelope included with this Notice.  To receive a payment in the state law settlement, you must not submit the Request for Exclusion Form for the state law settlement and you must mail the enclosed Claim Form no later than _____ to the address identified on the self-addressed, stamped envelope included with this Notice.**

The settlement affects the state law rights of hourly LPNs who worked at SSM Health at Home's St. Louis and/or St. Louis West branch locations at any time from November 9, 2010 to the present, and it affects the federal rights of hourly LPNs who worked at SSM Health at Home's St. Louis and/or St. Louis West branch locations at any time from August 24, 2014 to the present who chose to participate.  Specifically, if you worked at SSM Health at Home's St. Louis and/or St. Louis West branch locations, unless you exclude yourself from the settlement as explained below, you will release and forever discharge all state law claims against SSM Health at Home and their present and former parent companies, subsidiaries, shareholders, officers, directors, employees, agents, attorneys, insurers, successors and assigns, that were asserted in this Lawsuit.  If you submit an Opt-In Consent Form, you will also release any federal law claims (including under the Fair Labor Standards Act) against SSM Health at Home, their past or present parents, subsidiaries, officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, that were asserted in this Lawsuit.

The Court will hold a hearing in this case on _____ in the United States District Court for the Eastern District of Missouri Courtroom ____, to consider whether to approve (1) the settlement and (2) a request by the lawyers representing all class members to an award of: (A) a total of $130,000.00 for attorneys' fees and costs for investigating the facts, litigating the case and negotiating a settlement; (B) an incentive payment in the amount of $10,000.00 for each of the four plaintiffs who initiated and pursued this case, as compensation for their service to the class members; and (C) Distribution from the Gross Settlement Sum for each of the four plaintiffs who initiated and pursued this case.  You may ask to appear at the hearing, but you do not have to.  For more information, contact the Claims Administrator, at the following telephone number (314) _____.

**Exhibit 3**

**OPT-IN CONSENT FORM**
**FAIR LABOR STANDARDS ACT**

<u>Christina Mayberry, individually and on behalf</u>
<u>of others similarly situated v. SSM Health Businesses d/b/a SSM Health at Home,</u>
Case No. 4:15-cv-01680-CDP
U. S. District Court for the Eastern District of Missouri

**I.    INSTRUCTIONS**

IF YOU WORKED AT SSM HEALTH AT HOME'S ST. LOUIS AND/OR ST. LOUIS WEST BRANCH LOCATION AS A NON-EXEMPT LICENSED PRACTICAL NURSE ("LPN") AT ANY TIME FROM AUGUST 24, 2014 TO THE PRESENT, YOU MAY BE ENTITLED TO RECEIVE A PAYMENT IN CONNECTION WITH THE FEDERAL LAW SETTLEMENT, AS DESCRIBED IN THE ENCLOSED NOTICE OF COLLECTIVE AND CLASS ACTION SETTLEMENT.  YOU MUST COMPLETE AND RETURN THIS OPT-IN CONSENT FORM BY MAIL TO THE CLAIMS ADMINISTRATOR AT THE ADDRESS LISTED BELOW ON OR BEFORE _____ IN ORDER TO RECEIVE A FEDERAL LAW SETTLEMENT PAYMENT.

Your completed Opt-In Consent Form must be postmarked on or before _____ or you will not receive a payment.  The address of the Claims Administrator is:

SSM HEALTH AT HOME
c/o GREENSFELDER, HEMKER, & GALE, P.C.
10 S. BROADWAY, SUITE 2000
ST. LOUIS, MISSOURI 63102

**II.    PLEASE PROVIDE THE FOLLOWING INFORMATION**

Name (first, middle and last):_____

Home Street Address:

_____

City, State, Zip Code:

_____

Home Telephone Number: (_____) _____ Social Security Number:  XX-XX-__ __ __ __.

Exhibit 3

### III.    YOUR WORK HISTORY AT SSM HEALTH AT HOME

       According to SSM Health at Home's payroll records, you worked as a non-exempt LPN at SSM Health at Home's St. Louis and/or St. Louis West branch locations for one or more work-weeks during the time period from August 24, 2014 to the present.

### IV.    FAIR LABOR STANDARDS ACT OPT-IN CONSENT

       I understand that this Lawsuit (*Christina Mayberry et al. v. SSM Health Businesses d/b/a/ SSM Health at Home, Case No. 4:15-cv-01680-CDP*) is being brought, in part, under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* I consent, agree, and opt in to become a plaintiff to, and participate in, the Settlement of this Lawsuit. I agree to be bound by the Settlement of this Lawsuit, and agree to designate the Class Representatives as my agents, and I understand that I will be bound by the decisions and agreements made by and entered into by said representatives. I further hereby designate Class Counsel (Russell C. Riggan and Samuel W. Moore of Riggan Law Firm, LLC) to represent me in this action.

### V.    RELEASE OF CLAIMS

       Upon the effective date of the Settlement, I, on behalf of myself and each of my heirs, representatives, successors, assigns, and attorneys, shall be deemed to have fully and finally released and discharged SSM Health at Home from any and all claims, debts, liabilities, demands, obligations, penalties, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind, whether known or unknown, that were alleged in the Lawsuit, including claims under the Missouri Minimum Wage Law ("MMWL"), the Fair Labor Standards Act ("FLSA"), and Missouri common law for allegedly failing to provide compensation for all hours allegedly worked off-the-clock. I understand that I shall also be bound by all terms of the Class Action Settlement and the final order approved and entered regarding this Settlement by the Court.

### VI.    PLEASE SIGN BELOW

       I declare under penalty of perjury under the laws of the United States and the laws of the State of Missouri that the foregoing is true and correct. I have read and understand the Notice of Collective and Class Action Settlement, including the Release of Claims set forth above, and agree to abide by the terms of the Notice, this Opt-In Form and the Class Action Settlement on file with the Court.

Dated: _____        _____

                                     (Signature)

_____

(Print Name)

If you have any questions about completing this Opt-In Consent Form, please contact the Claims Administrator at (314) _____.

**Exhibit 4**

## TO BE PLACED ON SSM HEALTH AT HOME LETTERHEAD

TO:         Non-Exempt Hourly LPNs

FROM:     Ann Lowry, VP of Operations for SSM Health at Home

DATE:     _____

SUBJECT:  Wage and Hour Settlement

_____

In 2015, three former LPNs at SSM Health at Home's St. Louis West branch location and one former LPN at the St. Louis branch location, made claims that they performed work while off-the-clock and that their supervisors knew or should have known that they were performing work while off-the-clock.  It has always been our desire and intention to pay employees fairly and we believe we paid these individuals correctly during their time with us. However, we ultimately decided to resolve the claims through a settlement that would benefit certain current and certain former non-exempt LPNs at the St. Louis West and St. Louis branch locations who worked during the period covered by the settlement and who choose to participate.  A court approved the settlement agreement reached by the parties.

You are receiving this notice because you may be entitled to a payment if you decide to participate in the settlement.  By sending you this memorandum, we wish to encourage you to take the steps necessary to participate in the settlement and receive your portion of the settlement payment. No individual will be retaliated against in any way for his or her decision to participate or not participate in the settlement.

In the next week to ten (10) days, you will be receiving a Notice of the Settlement and related forms from SSM Health at Home. In order to participate in the settlement, you will need to carefully follow the instructions detailed in the Notice of Settlement and related forms and complete them within the deadlines specified. If you have questions about how to complete the forms, please contact [Name] at [Number] or [E-mail] so that we can assist you.

Thank you for your ongoing efforts to help us ensure that SSM Health at Home remains a great place to work.  We sincerely value you as an employee and appreciate your ongoing efforts to provide a safe environment for our patients, visitors and employees.

**Exhibit 5**

## REQUEST FOR EXCLUSION

<u>Christina Mayberry, individually and on behalf</u>
<u>of others similarly situated v. SSM Health Businesses d/b/a SSM Health at Home,</u>
Case No. 4:15-cv-01680-CDP
U. S. District Court for the Eastern District of Missouri

<u>INSTRUCTIONS:</u> IF YOU <u>DO NOT</u> WANT TO PARTICIPATE IN THE STATE LAW SETTLEMENT CLASS THAT IS DESCRIBED IN THE NOTICE OF COLLECTIVE AND CLASS ACTION SETTLEMENT THAT ACCOMPANIES THIS FORM, PLEASE COMPLETE THIS REQUEST FOR EXCLUSION FORM IN ITS ENTIRETY, SIGN THE FORM UNDER PENALTY OF PERJURY, AND RETURN IT TO THE CLAIMS ADMINISTRATOR AT THE ADDRESS LISTED BELOW.   IF YOU CHOOSE TO COMPLETE THIS REQUEST FOR EXCLUSION, THE DEADLINE FOR MAILING IT TO THE CLAIMS ADMINISTRATOR IS _____ (AS EVIDENCED BY THE POSTMARK).

## I.   PERSONAL INFORMATION:

Name (first, middle and last):_____

Home Street Address: _____

City, State, Zip Code: _____

Home Telephone Number: (____) _____

Social Security Number: _____

## II.   REQUEST FOR EXCLUSION:

By signing and returning this Request for Exclusion Form, I certify, under penalty of perjury, that I have carefully read the Notice of Class Action Settlement and that I wish to be excluded from the State Law Settlement.  <u>I understand this means that I will not receive any money or other benefits in connection with the State Law Settlement.</u>

## III.   MAILING INSTRUCTIONS:

If you choose to return this Request for Exclusion Form, you must mail it to the Claims Administrator at the following address.  To be valid, the Request for Exclusion must be postmarked on or before _____:

SSM HEALTH CARE ST. LOUIS
c/o GREENSFELDER, HEMKER, & GALE, P.C.

10 S. BROADWAY, SUITE 2000
ST. LOUIS, MISSOURI 63102

**IV.**   **PLEASE SIGN BELOW:**

I declare under penalty of perjury under the laws of the United States and the laws of the State of Missouri that the foregoing is true and correct.

Dated: _____                     _____

                                            (Signature)


                                            _____

                                            (Print Name)

1681193