# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **CHRISTINA MAYBERRY,** *individually,* *and on behalf of others similarly situated,* <br><br>　　**Plaintiff,**<br><br>v.<br><br>**SSM HEALTH BUSINESSES, d/b/a SSM HOME CARE and/or SSM HEALTH AT HOME,**<br><br>　　**Defendant.** | )<br>)<br>)<br>)<br>)<br>)  **Case No. 4:15-CV-1680-CDP**<br>)<br>)<br>)<br>)<br>) |

## JUDGMENT AND ORDER
## GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

A final approval hearing was held on this matter on March 23, 2018. Due and adequate notice having been given to the Settlement Class Members, and the Court having considered the Class Action Settlement Agreement, all papers filed, all proceedings had herein, and all oral and written comments received regarding the Class Action Settlement,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of the litigation and the parties to this lawsuit.

2. The Court finds that the distribution of the Class Notice, Claims Form, Opt-in Consent Form, and Request for Exclusion (collectively "Class Packet") was consistent with the provisions of the Class Action Settlement Agreement, constituted the best notice practicable under the circumstances, and fully met the requirements of due process under the United States Constitution.

3. The Court hereby finally approves of the Class Action Settlement, as set forth in the Class Action Settlement Agreement pursuant to the Fair Labor Standards Act and Fed. R. Civ. P. 23.

4. Solely for the purposes of effectuating this settlement, this Court hereby finally certifies a class of all FLSA Settlement Class members, and a class of State Law Settlement Class members, as those terms are defined in the Class Action Settlement Agreement.

5. With respect to the State Law Settlement Class, this Court finds and concludes that:

    a. the members of the State Law Settlement Class are ascertainable and so numerous that joinder of all members is impracticable;

    b. there are questions of law for fact common to the State Law Settlement Class Members, and there is a well-defined community of interest among the State Law Settlement Class Members with respect to the subject matter of this litigation;

    c. the claims of the Class Representative are typical of the claims of the State Law Settlement Class;

    d. the Class Representative has fairly and adequately protected the interests of the State Law Settlement Class;

    e. Class Counsel is qualified to serve as counsel for the Class Representative and the State Law Settlement Class; and

    f. a class action is superior to other available methods for an efficient adjudication of this controversy and common issues predominate over individual issues.

6. With respect to the FLSA Settlement Class, and for purposes of approving this settlement only, this Court finds and concludes that the Opt-In members of the FLSA Settlement Class are similarly situated. The Court further finds that the settlement is a fair, reasonable, and adequate compromise of a *bona fide* dispute under the FLSA. The Court further finds that releases and other terms contained in the Class Action Settlement Agreement to be fair, just, reasonable, and adequate as to the Opt-In members of the FLSA Settlement Class. Accordingly,

by this Judgment, the Opt-In members of the FLSA Settlement Class shall release, relinquish, and discharge, and each of the Opt-In members of the FLSA Settlement Class shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all claims as described in Section XII of the Class Action Settlement Agreement, entitled "Release by Settlement Classes," and as described in the Opt-In Form attached to the Settlement Agreement.

7. Neither the Class Action Settlement Agreement nor any act performed or document executed pursuant to or in furtherance of the settlement: (i) is or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any claim covered by the Release by the Settlement Classes, or of any wrongdoing or liability of Defendant; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendant in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Defendant may file the Class Action Settlement Agreement and/or the Class Action Judgment from this litigation in any other action that may be brought against it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, waiver, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion, or any other similar defense or counterclaim.

8. The Parties are directed to act in accordance with the terms set forth in the Class Action Settlement Agreement.  Defendant is directed to issue the Distributions and Settlement Payments to the Class Representative, the current Opt-In Plaintiffs, the FLSA Settlement Class Members, and the State Law Settlement Class Members consistent with the terms of the Class Action Settlement Agreement.

9. In addition, the Parties have agreed that, subject to the Court's approval, Class Counsel shall be paid for their reasonable attorneys' fees from the Gross Settlement Sum, in the amount specified in the Class Action Settlement Agreement. The Court hereby approves such attorneys' fees in the maximum amount specified in the Class Action Settlement Agreement. Furthermore, the enhancement awards for the Class Representative and certain Opt-In Plaintiffs, set forth in the Class Action Settlement Agreement, are hereby approved and Defendant is directed to cause such payments to be issued. All payments due to be made by Defendant pursuant to the Class Action Settlement Agreement shall be made by Defendant.

10. This matter is hereby dismissed with prejudice.

11. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of March, 2018.